MARTIN *v*. STATE.

Opinion delivered June 4, 1906.

1. STATUTE—WHEN MANDATORY.—Where directions in a statute reach to the very essence of the thing to be done, and where a failure to observe them prejudices rights sought to be preserved by these directions, then they are mandatory, and not merely directory. (Page 240.)

2. LOAN OF COUNTY FUNDS—MANDATORY REQUIREMENTS.—Acts, 1905, c. 166, requiring the collector and treasurer of Scott County to deposit the county funds in bank, provides that the funds shall be loaned to the bank which offers to pay the highest rate of interest, and that the county court "shall require a good and sufficient bond to be filed with each bid." *Held* that the statute required that the bond should be filed with the bid and approved by the county court, that this requirement is mandatory, and not directory, and that a failure to obey it renders an order of the county court requiring the collector and treasurer to deposit the county funds in a certain bank void. (Page 240.)

3. STATUTE—CONSTITUTIONAL QUESTION.—A constitutional question presented in a record will not be decided if there is some other and clear ground upon which the decision of the case may be rested. (Page 240.)

Appeal from Scott Circuit Court; *Styles T. Rowe,* Judge; reversed.

STATEMENT BY THE COURT.

The General Assembly of 1905 passed an act providing in substance: That the treasurer and collector of Scott County deposit all county funds in their possession in the bank in Scott County which will pay the highest rate of interest on daily balances of the same; provided that the bank receiving said funds make a good and sufficient bond equal to one and one-fourth times the amount in cash that is held at any time during any year, to be approved by the county court. That each stockholder of the bank receiving said funds be jointly and severally liable; that this liability shall not relieve the bondsmen of the treasurer or collector from liability for said funds, except in case of loss of funds deposited in a bank as provided in the act. The county court shall annually make an order for the deposit of funds after advertising for bids. The section containing these provisions concludes as follows: "The court shall require a good and sufficient bond to be filed with each bid; provided no order of deposit

be made by the court for a longer period than the second Monday in July in each year, after notice has been given as provided in this act." It is also provided that the treasurer and collector shall, within five days after the order is made, deposit the public funds in the designated bank. Then follow provisions rendering the officers guilty of misdemeanor in office for failure to comply with such order, and providing for fines and penalties against them and vacation of their offices. Acts 1905, c. 166.

The county judge gave notice in conformity to the act, and received a bid from the First National Bank of Waldron to pay four per cent. per annum on the county funds. T. G. Bates, a taxpayer, filed a remonstrance. The court considered the bid and the remonstrance, and made an order requiring the money deposited in the said bank, and Bates excepted to the order, and filed affidavit and bond for appeal. Subsequently the treasurer, Martin, obtained an appeal and adopted Bates's remonstrance. The order is as follows:

"In the matter of bids for the county funds by the First National Bank of Waldron. Remonstrance by T. G. Bates. Now, on this day, this cause coming to be heard, comes M. C. Malone, cashier of the First National Bank of Waldron, in person, and offers 4 per cent. daily deposits or balances of county funds, and thereupon comes T. G. Bates in person, and files his remonstrance against any order being made by the court with reference to the county funds. And upon hearing, and the court being well and sufficiently advised in the premises, the remonstrance of T. G. Bates is, after due consideration by the court, dismissed, and thereupon it is ordered by the court that all the county funds be deposited in the First National Bank of Waldron, Arkansas, upon said bank filing a good and sufficient bond therefor, conditioned as required by law, and in due form of law, given in the penal sum of $25,000, which shall be approved by the judge of the county court, in vacation—to which rulings, orders and judgment of the court in this cause said T. G. Bates at the time excepted, and thereupon filed his affidavit and bond and prayer for appeal in this cause to the circuit court, and thereupon the matter of granting or rejecting the appeal to the circuit court in this cause is by the court continued until the second day of the next regular October term, 1905, of this court."

The treasurer did not deposit the money within the time. He gave supersedeas bond with his appeal from the order, and contended that it superseded the order.

Suit was brought by the State against him for penalties for failing to comply with the order depositing the money in the said depository. The circuit court held section 2 of the act, providing for liability upon the stockholders of the bank obtaining the deposit, to be unconstitutional, and sustained the remainder of the act as valid, and held the order properly made, and gave judgment against the treasurer for $360 as interest on the money in his hands not deposited in said bank. The treasurer has appealed from both judgments, and the appeals have been submitted together.

*Ira D. Oglesby,* for appellant; *F. A. Youmans,* of counsel.

1. The act is unconstitutional, being in violation of § § 17 and 18, art. 2, Const. It limits the right to bid for the deposit of funds to banks in Scott County, a special privilege, obnoxious to section 18, *supra.* It impairs the obligation of contracts, as between the treasurer, his bondsmen and the State, contrary to the prohibition in section 17, *supra;* 3 Ark. 285; 55 U. S. 304; 69 U. S. 10. Section 2 of the act is void, in that it attempts to impose a joint and several liability upon each stockholder, should loss occur by reasons of the deposit. Cook on Corp. § 422. If the unconstitutional part of an act can be separated from the rest, leaving a complete statute, the act will be sustained as to the valid portions; but when the parts are so mutually dependent and connected as conditions, considerations, inducements or compensations for each other, as to warrant the belief that the Legislature intended them as a whole, and that if all could not be carried into effect it would not pass the residue independently, then all must fall if some are unconstitutional. 37 Ark. 360; 53 Ark. 490; 55 Ark. 200; 34 Ark. 224. Section 2 of the act forms such an inducement and consideration for the passage of the whole act. The act fails to provide for subsequent advertisements for bids after the first and awarding the deposit pursuant thereto. The court can not supply the defect. Black. Int. Stat. 57, 58, 59.

2. The county court failed to comply with the act with reference to notice. It requires publication by at least two insertions,

which means two weeks, whereas ten days notice only was given.

3. It also failed to comply with the act requiring that bond be filed with the bid. By the act a new power is created, and it can be carried into execution only in the mode prescribed. 31 Ark. 339; 28 Ark. 359; 30 Ark. 612. See also Black, Int. of Laws, 338; *Ib.* 340; *Ib.* 345; 45 Miss. 247.

4. No action will lie against the treasurer under section 4 of the act, until he has been duly convicted of misdemeanor in office. The suit was prematurely brought. He appealed from the order of county court with supersedeas, and this appeal was pending when the suit was brought.

*Carmichael, Brooks & Powers,* for appellee.

Taking the whole act together, its meaning is plain, and it points out the manner in which it is to be carried out. The bondsmen of the treasurer and collector can not complain, because the act is for their benefit, relieving them of liability if its terms are complied with by the county court. It is not class legislation. 58 Ark. 407; 59 Ark. 513; 61 Ark. 21; 66 Ark. 575. The second section of the act does not impair the obligation of contracts. A corporation is a creation of the State, and a stockholder knows that the Legislature may amend, change, modify or even repeal the charter. 58 Ark. 427. A similar act, Kirby's Digest, § 859, has been upheld. 68 Ark. 433; 5 Ark. Law Rep. 435. See also 37 Mich. 185. If the meaning of the whole act is clear, or the meaning of the section clear, taken altogether, the act will stand. Every presumption will be indulged in favor of its constitutionality. 59 Ark. 513.

2. The county court, in advertising for bids and in letting out the money, has substantially complied with the act, which is all that is required.

HILL, C. J., (after stating the facts.) The act said: "The court shall require a good and sufficient bond to be filed with each bid." The bond was not filed with the bid, was not filed prior to the acceptance of the bid, and was not filed until after the order was made, and the court adjourned. The order was made that, upon a good bond in the sum of $25.000, conditioned as required by law, being approved by the county court, or judge in vacation, the funds be depos-

ited with this bank. The order was made August 28, and the bond filed and approved September 4, 1905. The act makes it the duty of the treasurer and collector to make the deposits within five days after the order of the county court is made, under heavy penalties for a failure to do so. In this case no bond was presented and approved until more than five days after the order. The order was made subject to the approval by the court or judge in vacation of such bond, thereby substituting a vacation order as the point from whch the five days should run, instead of having the whole matter settled in the county court as required by the act. The safety and security of the county funds were to be rested primarily upon the bond, whatever be the other securities, and the act plainly required it to be filed with the bid, and that it should be a good and sufficient bond, and it should be approved by the county court, and not the judge in vacation. All of these provisions were disregarded here, and the question turns on whether these provisions are directory or mandatory. Where directions in a statute reach to the very essence of the thing to be done, and where a failure to observe them prejudices rights sought to be preserved by these directions, then they are mandatory, and not merely directory. *Miss., &c., Rd. Co.* v. *Gaster,* 20 Ark. 458; *Neal* v. *Burrows,* 34 Ark. 491; *Rector* v. *Board,* 50 Ark. 116; *Watkins* v. *Griffith,* 59 Ark. 344; *Benjamin* v. *Birmingham,* 50 Ark. 439; *School District* v. *Bennett,* 52 Ark. 511; *Sonfield* v. *Thompson,* 42 Ark. 46.

Applying these principles to the case at bar, it is apparent that these directions as to presenting a good and sufficient bond with the bid, and its approval by the court in term time, and as a condition precedent to the operation of the order depositing the funds, reach to the essence of the thing to be done, and are mandatory, and a failure to obey them should avoid the order in question.

The appellant assails the act as unconstitutional and invalid for many reasons stated in the brief, and the circuit court held one section of it unconstitutional.

This court has long followed and approved this doctrine thus stated by Judge Cooley as to its duty to decide questions affecting the validity of acts of the General Assembly: "While courts can not shun the discussion of constitutional questions

when fairly presented, they will not go out of their way to find such topics. * * * It is both proper and more respectful to a co-ordinate department to discuss constitutional questions only when that is the very *lis mota.* * * * In any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record, yet, if the record also presents some other and clear ground upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which can not be disposed of without considering it, and when, consequently, a conclusion upon such question will be unavoidable." *Railway Company* v. *Smith,* 60 Ark. 240.

Finding a clear and positive ground for decision of this case under the act itself, the court has not considered the constitutional question raised against the act.

The judgments are reversed, and remanded with directions to dismiss the suit against the treasurer and vacate the order requiring the deposit of the funds.