STURDIVANT *v.* TOLLETTE.

Opinion delivered November 25, 1907.

1. CONSTITUTIONAL LAW—WHEN QUESTION RAISED.—A statute will not be declared unconstitutional if there is any other ground upon which a decision may rest. (Page 414.)

2. LANDLORD AND TENANT—ENTICING AWAY ANOTHER'S RENTER.—Hiring a tenant to do two or three days' work is not within the prohibition of the Acts of 1905, p. 726, providing that one who interferes with, entices away or knowingly employs another's renter before the expiration of his contract shall be liable to the other for advances made to the renter and for all damages sustained by reason thereof. (Page 414.)

3. SAME—SUFFICIENCY OF EVIDENCE.—Evidence that defendant hired plaintiff's tenant after he had left plaintiff, and that defendant subsequently promised to pay plaintiff the advances which had been made to the tenant, does not prove that defendant interfered with or enticed away the tenant or employed him knowing that he was plaintiff's renter. (Page 415.)

Appeal from Howard Circuit Court; *W. V. Tompkins,* Special Judge; reversed.

*W. C. Rodgers,* for appellants.

1. The act is unconstitutional. Art. 1, § 10 Const. U. S.; art. 14, § 1, *Id.;* art. 2, § § 2; 17, 18, 27, Const. (Ark.) 1874; 85 Cal. 274; 2 Ark. 291; 33 W. Va. 179; 155 Mass. 117; 115 Mo. 307; 147 Ill. 66; 41 Neb. 127; 117 Ill. 294; 186 Ill. 43; 85 Cal. 274; 63 O. St. 428; 21 Cal. 27; 2 Yerg. (Tenn.) 554; 115 Mo. 307; 109 N. Y. 389; 3 W. Va. 179; 113 Pa. St. 431; 98 N. Y. 98; 118 U. S. 356; 58 Ark. 407.

2. The evidence is entirely insufficient to sustain the allegation that appellants, or either of them, enticed away and knowingly employed Beckwith in violation of the statute.

*D. B. Sain* and *W. P. Feazel*, for appellee.

If an act is susceptible of two constructions, one of which is renders it unconstitutional and the other renders it valid, the court will give it the latter construction. 58 Ark. 514. The act being in force at the time the contract of employment complained of was entered into, it became a part of that contract, and was not an impairment of it. 12 Ark. 321; 15 Am. & Eng. Enc. of L. 1046. That which is forbidden, either by statute or common law, whether *malum in se* or *malum prohibitum,* can not be the foundation of a contract. 32 Ark. 631.

Since it is within the power of the Legislature to prohibit the making of contracts on Sunday, or usurious contracts, or contracts with infants, and insane persons, it is likewise within its power to prohibit one from knowingly hiring another's servant, renter or share-cropper, or interfering with or enticing him away from his employer before the expiration of his contract.

HILL, C. J. The General Assembly of 1905 amended section 5030 of Kirby's Digest so as to make it read as follows: "If any person shall interfere with, entice away, knowingly employ, or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises before the expiration of his contract without the consent of the employer or landlord, he shall, upon conviction before any justice of the peace or circuit court, be fined not less than twenty-five nor more than one hundred dollars, and in addition shall be liable to such employer or landlord for all advances made by him to such renter or laborer by virtue of his contract, whether verbal or written, with said renter or laborer, and for all damages which he may have sustained by reason thereof." Acts 1905, p. 726.

Caledonia Tollette owned a farm in Howard County, and employed Will Beckwith, a negro, in January, 1906, to make a crop thereon. He left her place about the middle of February, and rented land from W. A. J. Sturdivant, and was also employed by John Sturdivant for a few days, making some rails and posts. She had furnished Beckwith $40.52 for supplies be-

fore he left, and she sued the Sturdivants for said amount and $400 damages, basing her action on the aforesaid statute, and secured a verdict for $65. From a judgment rendered thereon the Sturdivants have appealed.

The appellants seek by this appeal to have the aforesaid act of the General Assembly declared unconstitutional; but it has long been the settled policy of this court to refuse to consider the constitutionality of an act of a co-ordinate department of the government if there be any other clear ground upon which a decision may rest. *Martin* v. *State,* 79 Ark. 236.

In pursuance of this salutary principle, the court has taken up the second argument made by the appellants, which is as to the sufficiency of the evidence to sustain the verdict.

One Saturday, about the middle of February, Caledonia Tollette and Beckwith had a violent quarrel over her alleged refusal to supply him with some coal oil, and he cursed and abused her. Whether she drove him away from her place on account of his abusive language, or whether they became reconciled, and she requested him to stay, is a matter of controversy. The following Tuesday he moved to a place owned by W. A. J. Sturdivant, called the Richard Garland place, which was rented to said Garland, but was larger than he could till, and a portion of it was rented by W. A. J. Sturdivant to Beckwith and a mortgage taken by said Sturdivant upon the crop to be grown thereon by said Beckwith.

After Beckwith moved to the Garland place, John Sturdivant hired him for two or three days' work, making rails and posts upon his place. The plaintiff adduced evidence tending to prove that John Sturdivant told her in January that he would take the negro Beckwith away from her before the first of March. There is testimony tending to prove that W. A. J. Sturdivant told her several times after the negro had rented from him that he would pay the debt which Beckwith owed her out of Beckwith's crop, upon which he had a mortgage; and there is evidence tending to prove that he also told Beckwith that he was going to pay Caledonia Tollette from said crop.

There is no connection shown between the acts of John Sturdivant and W. A. J. Sturdivant. The case against John Sturdivant rests upon his threat to take the negro away from

Caledonia Tollette and subsequently, after the negro was upon the place of his brother, employing him to do two or three days' work upon his (John's) place. When he gave the negro this few days' employment, he was not then a tenant of Caledonia Tollette, but was a renter of his brother; and it is unreasonable to connect this employment of a few days with the threat to take the negro away from her as a renter. He says he merely gave him this casual employment to enable the negro to get something to eat, as he was in need. Certainly, it is not an employment within the mischief denounced by the statute.

The case against W. A. J. Sturdivant rests solely upon his promise to pay the debt which Beckwith owed Caledonia Tollette, made after Beckwith became his tenant. There is no testimony to show that W. A. J. Sturdivant interfered with or enticed away Beckwith, or employed him knowing of his indebtedness to Caledonia Tollette, or, in fact, of his contract with her; or that he induced him to quit her employ. In fact, nothing is shown beyond the mere circumstance that he rented land to the negro, and that subsequently, upon Caledonia Tollette's insistence, he promised to pay her debt which Beckwith owed her through the mortgage which he held upon the latter's crop. This promise upon his part was not an unreasonable or unnatural one for one landlord to make to another; and whether enforceable or not is not the question in this case. It is easily referable to other reasons than that he enticed away her tenant. It was proper evidence to throw light upon the circumstances surrounding the transaction between the parties, but was wholly insufficient of itself to make out a case under the statute.

To sustain the verdict would be to accept a scintilla of evidence, instead of following the long-established rule that verdicts must have evidence legally sufficient to sustain them.

Reversed and remanded.