ROAD IMPROVEMENT DISTRICT No. 1 *v.* GLOVER.

Opinion delivered May 11, 1908.

86    231
s86    565
187    12

1.  STATUTE—CONSTITUTIONAL QUESTION.—Courts will not pass upon the validity or constitutionality of a statute if the case can properly be decided upon any other clear ground. (Page 236.)

2.  ROAD IMPROVEMENT DISTRICTS—NOTICE OF ASSESSMENT.—Though the act of March 4, 1907, providing for the creation of road improvement districts, does not expressly require that notice shall be given to owners of land therein sought to be assessed, such failure to require notice does not render the act unconstitutional or void, but such notice must nevertheless be given. (Page 236.)

3.  SAME—NOTICE—DUE PROCESS.—Unless the Legislature has itself determined the question of benefits in an improvement district, a landowner is entitled to an opportunity to be heard before an assessment, which is a lien upon his property, can be validly established; and this requirement is not met by providing that he shall have notice when his property is proceeded against to enforce the lien assessed against it. (Page 240.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

E. D. Glover brought suit against Road Improvement District No. 1 of Pulaski County, against Charles E. Heckler, F. Kanis and Adam C. Penzel as directors of said district, against the collector of taxes of Pulaski County, and against the Hydraulic Sand & Stone Company, alleging that certain landowners of Pulaski County filed their petition in the county court of said county under the act approved March 4, 1907, praying for the formation of a road improvement district; that said court gave notice as required by said act of the hearing thereof, and, no objections being made at the hearing, the court found that

the petition was signed by a majority in value of the landowners in said district, as determined by the assessment for purposes of general taxation in force at the time, and made an order declaring the district to be and exist as a body corporate and politic, with the powers given by said act; that Charles E. Heckler, F. Kanis and Adam C. Penzel were duly elected and qualified as directors, and they determined to build a certain road, to be designated as "West Twelfth Street Pike"; that on January 2, 1908, bids for buildings said road were received, and a contract is about to be made with the Hydraulic Sand & Stone Company to build same for the sum of $23,718.30, of which the sum of $15,000 is to be paid in bonds of said district, bearing eight per cent. interest per annum and maturing in twelve years, the balance to be paid by the county court; that on November 26, 1907, it was found and ordered by said board that all lands in said district would be benefited by building said road, no notice of hearing or opportunity to be heard on this question having been given to any of the landowners, and neither the total benefits to the lands nor the particular benefits to each part thereof in said district was found by them; that said board, on January 3, 1908, levied a tax of two per cent. for twelve years on the lands in said district, and directed the sheriff to collect same at the time of collecting the general taxes; that the total value of all lands in said district, as determined by the general assessment, was and is $57,000, and the actual market value thereof is much greater; that in case it be held that said amount of bonds can not be legally issued, it is the avowed purpose of said board to reduce the amount of work to be done under the contract and issue bonds to the amount of $11,000, bearing interest at eight per cent. from date until paid and maturing in twelve years, and that, unless enjoined, they will do so; that plaintiff owns certain lands subject to the taxes levied in said district, and that same will either not be benefited by building said road, or will be benefited less than the taxes levied on it, and less in proportion than other lands in the district, and less than the liability of said lands for the payment of said bonds.

It is alleged further that all the proceedings and acts of said board are illegal and void because said act of 1907 is unconstitutional for the following reasons:

(1)   It provides that the finding of said board as to what lands are benefited by building said road shall be final and conclusive, unless impeached for fraud, without requiring notice to the landowners of the hearing or any opportunity to be heard thereon, thus depriving them of their property without due process of law.

(2)   That to build or repair a road said act requires a tax to be levied and collected on all the lands adjudged to be benefited in the district, without requiring it to be limited to the benefits or apportioned according to the benefits, and without designating the manner of apportionment, thus depriving them of their property without due process of law, and taking it for public use without just compensation.

(3)   It provides that bonds issued shall be a first lien on all lands in the district, without limiting the lien to lands benefited or limiting the lien on particular tracts to the benefits thereof or apportioning it according to benefits, thus depriving the owners of their property without due process of law, and taking it for public use without just compensation.

(4)   It provides that taxes and assessments levied shall become payable and delinquent for nonpayment at the times fixed by law in case of taxes levied for State and county purposes, contrary to article 5, section 22, of the Constitution.

(5)   It provides that the said board shall enforce payment of taxes in the manner pointed out by sections 5691-5709, Kirby's Digest, as far as same are applicable, contrary to said article 5, section 22.

It is also alleged that all proceedings and acts of said board are illegal and void because—

1.   Said board has determined that all lands in said district would be benefited by said road and levied taxes thereon, without giving the landowners notice or opportunity to be heard on these matters.

2.   Said board has not determined the benefits to be received by the particular tracts nor limited the taxes to the benefits, nor apportioned the taxes according to benefits.

3.   By entering into the contract first named and issuing $15,000 in bonds the board will have incurred or created a

liability exceeding twenty per cent. of the assessed value of the property in the district.

4. By entering into contract and issuing bonds to the amount of $11,000, as alleged, same bearing interest at eight per cent. per annum from date until paid and maturing in twelve years, the said board will have issued bonds in excess of twenty per cent. of the assessed value of the lands in the district, including interest on said bonds, and the commissions of the collector and treasurer will still further increase the excess.

The prayer was for an injunction.

Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action or to entitle plaintiff to the relief prayed, or to any relief, and on the ground that the proceedings and acts of the said board were not void for the various reasons stated in the complaint, which are again stated in the demurrer. The demurrer was overruled by the chancery court, and final judgment rendered, and appeal taken to this court.

*J. C. Marshall*, for appellants.

1. The act is not unconstitutional. Each tax payer has his day in court when sued for taxes, and he can then be heard on all his defenses. Act 1907, pp. 345, 348; 96 U. S. 97; 184 *Id.* 115; 59 Ark. 513. When the statute fails to require notice, this does not render it void, but notice may nevertheless be given. 33 Kans. 156; 149 U. S. 30. The provision that the board's finding shall be conclusive, etc., does not cut off a hearing in the courts, and would not render other parts of the act invalid if it did. 21 Ark. 40, 55-6; 52 *Id.* 107.

2. Assessments may be made either according to value of the lands or according to benefits. 69 Ark. 68, 78; 77 *Id.* 384; 81 *Id.* 562; 181 U. S. 394. The act must be understood to limit assessments to benefits. 71 Ark. 27.

3. Sections 7 and 8 of the act simply mean that the lands adjudged to be benefited by the road are held liable for the cost of construction, each tract to the extent of the taxes levied on it.

4. The extension of an act by reference to other acts only

affects remedies and methods of procedure, and does not render the act void.    121 Fed. 276; 49 Ark. 131.

5.    The act limits the issue of bonds to not exceeding twenty per cent. of the assessed value of the lands.    Interest, of course, is not included, only the excess over twenty per cent. would be void, if issued.    Lands are not assessed at their market value, not much below.    The intention, by analogy, was to follow Kirby's Digest, § 5683, Mansf. Digest, § 837.    The case of 55 Ark. 148 was decided under an entirely different statute.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

1.    A special assessment can be supported only on the theory that the property assessed will be specially benefited.    It must not exceed the benefit, and must be apportioned according to the benefit. · 48 Ark. 370, 382-3; 69 *Id.* 76; 71 *Id.* 21, 27; 172 U. S. 269; Cooley on Taxation (2 Ed.), pp. 638, n. 3, 639, 661. The constitutional requirements of equality and uniformity apply, 48 Ark. 370, 382-3.

The Legislature, without a hearing, may fix the limits of a district, the amount of assessment, and levy according to assessed valuation.    In such case it is presumed the Legislature took into consideration the question of benefits and determined that the lands would be benefited to the extent of the assessment and in proportion to assessed value.    172 U. S. 269; 125 *Id.* 345; 72 Ark. 119.    The cases holding that assessments may be levied according to value as provided by the Legislature are based on the theory that the Legislature has decided that the benefits will be in proportion to the value.    72 Ark. 119; 77 *Id.* 383; 81 *Id.* 562, 565.    If the act be construed as delegating to the directors the power to apportion the assessments according to the benefits, the taxpayers are entitled to a hearing upon the question of apportionment.    125 U. S. 345; 149 *Id.* 30; 59 Ark. 513.    Section 11 of the act is void.    It seeks to extend positive provisions of another law not relating merely to proceedure. Kirby's Digest, § § 5691, 5695-6, 5700, 5703-6-9, etc.    All these provisions affect substantial rights, and can not be extended by reference merely.    49 Ark. 131; 121 Fed. 276.

2.    If the act can be sustained by construction, the proceedings of the board are void, because not in accordance with the act.    Kirby's Digest, 6974; 55 Ark. 148, 159.

Hill, C. J.  The General Assembly of 1907 passed an act "to provide for the creation of improvement districts for the building, constructing, maintaining and repairing of public roads in the State of Arkansas," which was approved on the 4th of March, 1907, and applied to thirty-seven counties in the State. Pulaski County was one of the counties included in the act, and under its provisions the county court of Pulaski County created Road Improvement District No. 1, and directors were elected, the benefits determined and assessments levied, and a contract was about to be let for the construction of the improved road, when Glover, a landowner in said district, brought a bill to enjoin the execution of the contract, the levying and collection of the assessments.

The complaint was met by a general demurrer, which was overruled, and judgment entered on the complaint, and the district appealed.  The complaint will be set out in the statement of facts.  It will be seen therefrom that grave questions as to the constitutionality of the act are raised; and the questions therein raised and others have been presented to the court in briefs and oral argument, and have received consideration from the court.

But, under the settled practice of this and all other appellate courts not to pass upon the validity or the constitutionality of an act of a co-ordinate department of the government if the case can properly be decided upon any other clear ground, the court finds it unnecessary to pass upon any of the constitutional questions raised.  *Railway Company* v. *Smith,* 60 Ark. 221; *Martin* v. *State,* 79 Ark. 236.

The complaint alleges:  "That on November 26, 1907, it was found and ordered by said board of directors that all lands embraced in said district would be benefited by the building of said road, no notice of any hearing and no opportunity to be heard upon this question having been given to any of the owners of lands within said district, and neither the total amount of the benefit to the lands in said district nor the amount of the benefit to each part of said lands having been found."

In *Paulsen* v. *Portland,* 149 U. S. 30, it was said:  "While not questioning that notice to the taxpayer in some form must be given before an assessment for the construction of a sewer can

be sustained, as in any other demand upon the individual for a portion of his property, we do not think it essential to the validity of a section in the charter of a city granting power to construct sewers that there should in terms be expressed either the necessity for or the time or manner of notice.   The city is a miniature State, the council is its Legislature, the charter is its constitution; and it is enough if, in that, the power is granted in general terms, for, when granted, it must necessarily be exercised subject to all limitations imposed by constitutional provisions, and the power to prescribe the mode of its exercise is, except as restricted, subject to the legislative discretion of the council.   Thus, in the case of *Gilmore* v. *Hentig,* 33 Kan. 156, it was held thus:  'Where a statute authorizes a city to provide for the construction of sewers and drains, and to tax the costs thereof upon the adjacent property owners, but does not require that any notice shall be given to the property owners, *held,* that such failure to require notice does not render the statute unconstitutional or void, but notice must nevertheless be given, and the city would have a broad discretion with reference to the kind of notice and the manner of giving the same.'   See also *Cleveland* v. *Tripp,* 13 R. I. 50; *Davis* v. *Lynchburg,* 84 Va. 861; *Williams* v. *Detroit,* 2 Mich. 560; *Gatch* v. *Des Moines,* 63 Ia. 718; *Baltimore & Ohio Railroad* v. *Pittsburgh, Wheeling, etc., Railroad,* 17 W. Va. 812, 835."

In *Fallbrook Irr. District* v. *Bradley,* 164 U. S. 112, it was said:  "The Legislature, when it fixes the district itself, is supposed to have made proper inquiry, and to have finally and conclusively determined the fact of benefits to the land included in the district, and the citizen has no constitutional right to any other or further hearing upon that question.   The right which he thereafter has is to a hearing upon the question of what is termed the apportionment of the tax, *i. e.,* the amount of the tax which he is to pay.   *Paulsen* v. *Portland,* 149 U. S. 30, 41.   But when, as in this case, the determination of the question of what lands shall be included in the district is only to be decided after a decision as to what lands described in the petition will be benefited, and the decision of that question is submitted to some tribunal (the board of directors in this case), the parties whose lands are thus included in the petition are entitled to a hearing

upon the question of benefits, and to have the lands excluded if the judgment of the board be against their being benefited. Unless the Legislature decide the question of benefits itself, the landowner has the right to be heard upon that question before his property can be taken. This, in substance, was determined by the decisions of this court in *Spencer* v. *Merchant*, 125 U. S. 345, 356, and *Walston* v. *Nevin*, 128 U. S. 578."

The doctrine of *Paulsen* v. *Portland* has been followed and approved frequently in the Supreme Court of the United States, and also in the State courts. See 12 Rose's Notes to U. S. Rep. 378, and 3 Supp. to Rose's Notes, 357.

It will be seen from the above excerpts that the Legislature may determine the benefits to be assessed against property owners; but when the Legislature, instead of doing so itself, delegates that power to a city council, board of improvement or other governmental agency, then such inferior council or board must give notice in order to comply with the "due process" provision of the State and Federal constitutions. It will be further seen that the lack of the requirement for such notice in the statute will not invalidate the statute, for the law will presume that the tribunal invested with this power will give notice before the assessments are determined; and therefore the courts read into, such statutes the requirement that notice be given before assessments can be assessed, in order that they may be constitutional.

This is but another application of the principle of construction that courts will always sustain a statute, if one construction will make it constitutional and another will make it unconstitutional, by adopting the constitutional construction.

The admission that the allegation of the complaint above quoted is true admits that no notice was given to the property owners of any hearing before the assessments were levied, and therefore the assessment, and consequently all actions of the board based upon such assessments, are void. Before there could be a valid proceeding under this statute, such notice must be given to the landowners as will meet the requirements in the State and Federal constitutions of due process of law before assessments can be levied upon their property within the district.

The judgment is affirmed.

ON MOTION TO MODIFY JUDGMENT.

Opinion delivered May 23, 1908.

HILL, C. J.    Appellant asks a modification of the judgment on the ground that the injunction is so broad that it will prohibit the district from proceeding under the act, and that the court, although it declined to pass upon the act, yet sustained an injunction against any proceeding under the act by the district.

But counsel are mistaken as to the scope of the injunction. It does not enjoin the district from proceeding under the act, but enjoins the commissioners from carrying out any contract or from letting any contract, or from issuing any bonds of the district with reference to a certain contract, or any other contract, or from levying any tax upon the propery within the district; and the collector was enjoined from attempting to collect any tax or enforcing any assessment upon the property within the district.    While the language of the decree is somewhat broad as to the letting of any contract, yet it evidently means the specific contract mentioned in the complaint or any other based on the present proceedings.    The court has held that the assessment, for reasons stated in the opinion, is void, and therefore all proceedings based upon it are void and should be enjoined.    There is no injunction against the board proceeding under the act; and this court has declined to pass upon the act until there is a proceeding under it in conformity to law.

Counsel say that there are other questions raised which are too serious to permit of any further proceeding under the act without having them finally settled by this court, and say that if the board should go back and give notice as indicated in the opinion and proceed to make a levy, they would be met by another injunction, and would be back to this court asking to have the same questions settled which have been already presented.    "Not a cent can be borrowed by the district," say counsel, "until these questions are finally settled by this court, and all the acts and proceedings of said board are held up, and have been for a long time, awaiting the action of this court on these questions.    This suit is one to test the validity of the act."

It is not the duty of the courts to be an examiner of titles or an approver of bonds, but merely to determine litigated questions when properly presented before it; and a decent respect for the acts of a co-ordinate department of government always restrains them from passing upon the constitutionality of such acts if the decision can be placed upon any other clear ground.

Counsel also urge that a landowner is not entitled to two days in court before the question of benefits is passed on, and point out that under the act he would have a day in chancery court when his property is proceeded against to enforce the lien assessed against it; and it is argued that in that suit the due process of law requirement is met. The court is aware that there are some decisions which sustain this position, and considered them on the hearing, although it did not discuss them in the opinion. The purport of them is that, if no notice is provided before assessing the property, yet if the owner can be heard, in a suit to take the property for the tax, to assert the unconstitutionality of the proceedings against his property, this is a compliance with the due process provision.

It can just as reasonably be argued that, because a landowner can go into a court of law or equity and obtain relief against some unconstitutional proceeding against his property or some proceeding against him without notice which would affect his property, this right to invoke the jurisdiction of a court to prevent the unwarranted taking of his property is a compliance with the due process provision of State and Federal constitutions. This view is not sound, and begs the whole question. The question is not as to the remedy of a landowner against an illegal exaction, but is as to the method to establish a valid lien against the property.

Under the principles involved, especially as declared by the Supreme Court of the United States, which is the final arbiter upon these questions, the rule is deduced that a landowner is entitled to notice before an assessment, which is a lien upon his property, is established, and it can not be validly established until he has had an opportunity to be heard unless the Legislature itself determines the question of benefits—and even when it determines it there may yet be a judicial question left, as in

*Coffman* v. *Drainage District,* 83 Ark. 54, and *Norwood* v. *Baker,* 172 U. S. 269.

Motion for rehearing denied.