## McClendon v. Wood, Judge.

### Opinion delivered July 10, 1916.

PROHIBITION, WRIT OF—GROUNDS FOR.—A writ of prohibition will not lie to a circuit court to prohibit the circuit judge from proceeding under the terms of Kirby's Digest, § 5492, to try the mayor of a city for nonfeasance in office, without a jury; such act of the circuit judge if erroneous, is reversible only on appeal.

Prohibition to Garland Circuit Court; petition denied.

*C. Floyd Huff, O. H. Sumpter, A. J. Murphy,* and *Murphy & McHaney* for relator.

The right of trial by jury extends to proceedings of this kind. The word "court" includes a trial by jury. The court is about to act beyond its power and in excess of its jurisdiction and prohibition will lie. 19 Nev. 332; 36 N. E. 237; 22 Nev. 280; 39 Pac. 570; 86 Minn. 140; 60 Neb. 773; 84 N. W. 262; 61 S. W. 252; 50 Am. Rep. 741; 17 Ark. 290; 16 *Id.* 601; 21 *Id.* 229; 39 *Id.* 82; 32 *Id.* 241; 65 S. W. 981; 33 L. R. A. 341; 38 *Id.* 554; 39 Ark. 211; 24 Cyc. 151; 11 Am. St. 948; 71 S. W. 1133; 71 *Id.* 52; 113 Am. St. 854; 88 N. W. 1115. If the act intended to confer upon the *judge* the power or jurisdiction to try, without a jury, the charge under the indictment, the Legislature had no power to do so, under the Constitution. Cases supra and many others cited. Const. Art. 2, § 10.

*A. B. Belding* and *Gibson Witt,* for defendant.

The construction placed by the court on the Act is clearly correct. Kirby's Digest, §§ 2305-6, 2342, 2381, 2544, etc., 5492, 2450; Const. Art. 2, § 10. The mere suspension of an officer violates no provision of the Constitution. 81 Ark. 60; 104 *Id.* 261; 100 *Id.* 418. Where the primary object is not punishment but the protection of the public, it is not a criminal prosecution in the sense that defendant is entitled to a jury trial. 81 Ark. 60; 47 *Id.* 246; 33 S. E. 274; 50 L. R. A. 275; 44 Tex. 137; 74 Mich. 411; 16 Am. St. 644; 145 Iowa 657; Ann. Cases, 1912, 1286; Kirby's Dig., §§ 5608, etc.; 82 Pac. 75; 7 L. R. A. 426. See also 94 Pac. 954.

Per Curiam: The petitioner is the Mayor of the City of Hot Springs, and he is under indictment returned by the Garland County grand jury for nonfeasance in office, the indictment being returned under authority of section one of the Act of 1895 (Acts, 1895, p. 69. Kirby's Digest, section 5492), which provides that "if the mayor

or police judge of any city of the first or second class or incorporated town in this State shall wilfully and knowingly fail, refuse, or neglect to execute or cause to be executed any of the laws or ordinances within their jurisdiction, they shall be deemed guilty of nonfeasance in office;" and that it shall be the duty of the circuit court of any county within which any mayor or police judge may be commissioned and acting, upon indictment charging any such mayor or police judge with nonfeasance in office, "to hear and determine such charges, and if upon such hearing the charges be proven to be true, to enter a judgment of record removing such guilty mayor or police judge from office."

The cause is pending now in the Garland circuit court, and petitioner alleges that the circuit judge is about to proceed to a trial of the cause without a jury, and he prays for a writ to prohibit the judge from proceeding in that manner. The contention is that the right of trial by jury extends to proceedings of this kind, and that the court is about to act beyond its power in attempting to try the case without giving the accused the benefit of a trial by jury.

The first question presented is whether or not this is a case in which a writ of prohibition will lie, and the court reaches the conclusion that it is not the appropriate remedy. "The office of the writ of prohibition," said this court in the case of *Russell* v. *Jacoway*, 33 Ark. 191, "is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted, unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection against the wrong that shall be done by such usurpation." Cases on that subject are reviewed in *Reese* v. *Steel*, 73 Ark. 66, where the rule above stated is reiterated as the correct one in determining the scope and effect of this remedy.

The text writers on the subject place the same limitations upon the remedy of prohibition. Mr. High, in his work on Extraordinary Legal Remedies (Section 767b) says: "Upon an application for a writ of prohibi-

tion to stay the action of an inferior court, the sole question to be determined is the jurisdiction of that court, and the court to which the application is made will, for the purposes of the case, consider the cause of action of the plaintiff below to be such as he has stated it in his pleadings, without investigation or inquiry touching the merits of the action. Nor will the court in which the relief is sought consider any errors or irregularities occurring in the progress of the cause in the inferior court, since the writ of prohibition is not an appropriate remedy for the correction of errors." The same author, in another section of his work on this subject (Section 772) says: "Another fundamental principle, and one which is to be constantly borne in mind in determining whether an appropriate case is presented for the exercise of this extraordinary jurisdiction, is that the writ is never allowed to usurp the functions of a writ of error or certiorari, and it is never employed as a process for the correction of errors of inferior tribunals. And the courts will not permit the writ of prohibition, which proceeds upon the ground of an excess of jurisdiction, to take the place of or to be confounded with a writ or error, which proceeds upon the ground of error in the exercise of a jurisdiction which is conceded." The same rule is stated in other authorities. 2 Spelling on Injunctions and other Extraordinary Remedies, Chap. LV.; 32 Cyc. 613.

There seems very little, if any, conflict among the authorities in the statement of the rule itself, but there are somewhat divergent views in the application of the rule. We are unable to find any case in which the precise question involved here is treated, but we are of the opinion that the act of the court in proceeding to trial without allowing a jury, if erroneous, constitutes only an error or an irregularity which must be corrected by appeal. The jurisdiction of the court itself is undoubted. The jury is but an arm of the court, and so far as jurisdiction is concerned it cannot be said that there is any separate jurisdiction of the jury. The jurisdiction is exercised by the court as a whole, and if there is an erroneous exercise of that jurisdiction during the progress of the matter

while pending before the court, the error must be corrected by appeal. There appears to be no escape from that conclusion, and anything that might be said now with respect to the merits of the controversy would be mere *dictum.* We do not feel at liberty to disregard the settled principles which control the use of the writ of prohibition in order to decide in advance the question whether or not the circuit judge can refuse to allow a jury and proceed with the trial of the case himself.

The prayer for writ of prohibition is therefore denied.