COMMISSIONER OF LABOR, C. R. THORNBROUGH *v.* DANCO CONSTRUCTION COMPANY.

5-1052 294 S. W. 2d 336

Opinion delivered October 22, 1956.

*Harlin J. Perryman,* on reply brief, only, for appellant.

*John B. Thurman, Mehaffy, Smith & Williams* and *B. S. Clark,* for appellee.

LEE SEAMSTER, Chief Justice. On January 10, 1956, appellant, C. R. Thornbrough, Commissioner of Labor for the State of Arkansas, served a subpoena on appellee, Danco Construction Company, commanding its representative to appear in the offices of the State Labor Department on January 13, 1956, and show cause for appellee's failure to produce certain books and payroll records which had been requested by the Commissioner. The subpoena also directed appellee to produce its payrolls and other records, showing the name, address, and occupation of each person employed by appellee on the waterworks extension project at Camden, Arkansas; and further, the daily and weekly hours worked by each such person, and the wages paid each pay period to each such person.

On January 13, 1956, the appellee filed a Petition for Writ of Certiorari in the Pulaski Circuit Court, Third Division, seeking a review of the Commissioner's actions, and on the same day the Commissioner filed a Petition for Attachment on the subpoena. The appellee filed an answer to the Petition for Attachment, alleging that Act 115 of 1955 was not applicable to the project referred to in the subpoena since the waterworks extension project was not a taxing agency.

The matters were consolidated and on March 22, 1956, the trial court entered an order dismissing the cause, holding that the Camden Municipal Waterworks System, under operation by the Waterworks Commission, was not a taxing agency within the purview of Act 115 of 1955. This appeal follows.

For reversal, the appellant alleges that there is no requirement that a municipality, city, or town or other agent of the state be a taxing agency in order to come within the application of Act 115 of 1955.

At the outset we are confronted with an insufficient abstract by appellant, and have concluded that the order of the trial court must be affirmed for this reason. The appellant has failed to abstract the record in this case as required by Supreme Court Rule 9 (d) and consequently this court is not afforded an understanding of the questions to be resolved. In this case appellant did not abstract the pleadings or the decree, and there is nothing in the entire brief upon which the judges of this court could confidently say that the decree of the trial court should be reversed. The several judges of this court are not required to make an individual search of the record, particularly in the absence of proper references thereto, in order to arrive at a decision, and it certainly is not practical to do so.

Constitutional questions are never decided unless necessary, however, we feel that it is necessary to point out that this court recently held that Act 115 of 1955 was unconstitutional. See *Crowly* v. *Thornbrough, Commissioner of Labor,* Ark., 294 S. W. 2d 62.

Accordingly the decree of the trial court is affirmed.