DUNCAN *v.* KIRBY, JUDGE.

4896                                   311 S. W. 2d 157

Opinion delivered March 17, 1958.

*Kenneth Coffelt* and *Pope, Pratt & Shamburger,* for petitioner.

*Joseph C. Kemp,* City Atty., and *Gardner A. A. Deane, Jr.,* Asst. City Atty., for respondent.

SAM ROBINSON, Associate Justice. The issue is whether a writ of prohibition shall be granted. The petitioner, Vernon Duncan, was convicted in the Little Rock Municipal Court. He appealed to the Circuit Court and later filed a motion to dismiss the charge. His motion was overruled and he then filed in this Court a petition for a writ of prohibition to prevent the Circuit Court from putting him to trial. The charges filed against Duncan in the Municipal Court were as follows: "* * * that Vernon H. Duncan did violate the ordinances of the City of Little Rock including Ordinance No. ........ by Disturbing the Peace and Refusing to Obey

the Lawful Orders of an Officer of the U. S. Army acting pursuant to the proclamation of President Eisenhower, September 23, 1957, and the executive order of the President of September 24, 1957, directing the U. S. Army, of which the said Linden O. Tanner is a member, to enforce a decree of the United States District Court for the Eastern District of Arkansas, ordering integration of Central High School, Little Rock, Arkansas on or about the 3rd day of October 1957, in the City of Little Rock and State of Arkansas against the peace and dignity of the City of Little Rock.''

In the Little Rock Municipal Court, Duncan was acquitted of the charge of disturbing the peace, but was convicted on the charge of ''Refusing to Obey the Lawful Orders of an Officer of the U. S. Army  *  *  *.''

We reach two points only: First, does the charge against Duncan constitute an offense punishable in the courts of this State? Second, if the charge does not constitute such an offense, is prohibition a proper remedy? If it is a crime in this State to fail to obey an order of an officer of the United States Army, then the charge must be based on some statute making such conduct a criminal offense. There is no statute to that effect.

The City of Little Rock, an intervener in this case, relies on two statutes: Ark. Stat. § 11-508 and § 41-1403. Section 11-508 (Act 85, 1929, § 75) provides: ''Molestation of guard while on duty—Punishment.— Any person who interrupts, molests or insults by abusive words or behavior, or obstructs any officer or soldier of the National Guard while on duty, may be immediately put and kept under guard until said duty is concluded, by the officer in command. Such officer may turn him over to any peace officer of the city or place where such duty is being performed and such peace officer shall thereupon deliver such offender for examination and trial before any court having jurisdiction. Any person violating the provisions of this section shall be guilty of a misdemeanor, and, on conviction, fined in any sum not less than fifty dollars ($50.00).''

In its brief intervener says: "Lt. Linden O. Tanner, the officer who signed the affidavit charging the Petitioner with the above offense, was a member of the Arkansas National Guard called into Federal Service pursuant to the Proclamation and Order of the President of the United States." Thus, it is conceded that Lieutenant Tanner had been called into federal service and was acting, not on orders of the Governor of Arkansas, but pursuant to an order of the President of the United States. Ark. Stat. § 11-508 applies only to the National Guard when it is acting as the National Guard with the Governor of the State as commander in chief, or acting under the command of some other officer of the State authorized by law.

Act 85 of 1929 is known as the Military Code of Arkansas. It deals with the State militia as such, and there is nothing in the Act which indicates that any part thereof shall apply to a member of the militia after he has been called into federal service. In fact, a militiaman who is in the service of the United States is removed from the provisions of the Act and the command of the Governor. Act 85, 1929, § 11 (Ark. Stat. § 11-111) provides: "The Governor of the State, by virtue of his office, shall be the commander-in-chief of the Militia of the State, except of such portions as may be at times in the service of the United States. * * *"

To say that a person could be guilty of the failure to obey a United States Army officer after such officer is called into federal service from the Arkansas National Guard, but that such accused person could not be guilty if he failed to obey a United States Army officer if the officer went into federal service from West Point, would be placing an unjustifiable construction on the statute which would be wholly unreasonable.

Ark. Stat. § 41-1403 provides: "Disturbers failing to disperse—Penalty.—If two (2) or more persons assemble together for the purpose of disturbing the public peace or committing any unlawful act, and do not disperse on being desired or commanded so to do by the judge, justice of the peace, sheriff, coroner, constable

or other public officer, all persons so offending shall, on conviction thereof, be severally fined in any sum not less than ten ($10.00) nor more than one hundred dollars ($100.00), or imprisoned in the county jail not less than one (1) nor more than three (3) months, or both at the discretion of the court.'' Before an accused could be guilty of violating this Act, he would have to assemble for the purpose of disturbing the peace or committing some unlawful act. Here the accused was tried and found not guilty of disturbing the peace. Furthermore, the Act applies to justices of the peace, sheriffs, coroners and constables of the State of Arkansas. It cannot seriously be contended that a person could be guilty of violating this statute in Arkansas by failing to disperse on orders of a constable from Canada or a justice of the peace from New York, and when the statute says ''other officers'' it means other officers of the State or a subdivision thereof, such as city police, or the State police, or deputy sheriffs.

We now come to the point of whether the charge against the accused is such that prohibition will be granted. It has been pointed out that no public offense is charged. We have no statute making it a crime or misdemeanor for the accused to do what he is charged with doing. The writ of prohibition lies where an inferior court is proceeding in a matter beyond its jurisdiction and where the remedy by appeal, though available, is inadequate. *Norton* v. *Hutchins,* 196 Ark. 856, 120 S. W. 2d 358; *Murphy* v. *Trimble,* 200 Ark. 1173, 143 S. W. 2d 534. And where it appears that an inferior court is about to proceed in a matter over which it is entirely without jurisdiction under any state of facts which may be shown to exist, then the superior court exercising supervisory control over the inferior court may prevent such unauthorized proceedings by the issuance of a writ of prohibition. *Norton* v. *Hutchins, supra.*

Of course, if there is any question of fact upon which jurisdiction may turn, prohibition will not lie. *Murphy* v. *Trimble, supra.* But here, there is no conceivable finding of fact by which the petitioner could be

guilty. He has been found not guilty of disturbing the peace. The remaining charge is simple: That he refused to obey an order of a United States Army officer. There does not appear to be any way in which the charge could be amended or corrected so as to allege a criminal offense in this State. Assuming Lieutenant Tanner's affidavit is true in every detail (except, of course, the disturbing the peace charge, which has been disposed of), still no offense is charged. It simply is not against the law in Arkansas to fail to obey an order of an officer of the United States Army, and it is conceded that Lieutenant Tanner was acting in the capacity of an officer of the United States Army at the time the order is alleged to have been given.

It is said in 73 C. J. S. 56: "A writ of prohibition will lie to restrain a criminal or *quasi*-criminal prosecution for an offense beyond the jurisdiction of the court, * * *." Citing *Logan* v. *Harris*, 213 Ark. 37, 210 S. W. 2d 301. The case sustains the text. If prohibition will be granted where a court is acting beyond its jurisdiction, how much more so the remedy should be allowed where no offense at all is charged. Our conclusion is that petitioner is not charged with an offense punishable under the laws of this State, and to force him to trial, thereby affording him only the remedy of appeal from a possible conviction, which would be invalid, would not leave him an adequate remedy, and prohibition should be granted.

In *Evans* v. *Willis*, 22 Okla. 310, 97 P. 1047, 19 L. R. A., N. S., 1050, it is said: "When it appears to the court having jurisdiction to issue the writ of prohibition, that the lower court, under any conditions, is without jurisdiction to try the accused upon the alleged information filed, * * * to require him to invoke the remedy of appeal, occasioning delay and necessitating a supersedeas bond, or resulting in his being confined in jail pending the determination of his appeal, * * * would work an unnecessary and unreasonable hardship upon the accused."

We do not reach the point of whether the President acted beyond the scope of his authority in ordering troops into Arkansas to enforce a court decree. This would perhaps involve a construction of the Constitution of the United States, and it is firmly established that constitutional questions will not be determined unless their determination is essential to a disposition of the case. *Sturdivant* v. *Tollette*, 84 Ark. 412, 105 S. W. 1037; *Road Improvement Dist. No.* 1 v. *Glover*, 86 Ark. 231, 110 S. W. 1031; *Martin* v. *State*, 79 Ark. 236, 96 S. W. 372; *Thornbrough, Commissioner of Labor,* v. *Danco Constr. Co.*, 226 Ark. 797, 294 S. W. 2d 336.

Petition granted.

HARRIS, C. J., and HOLT and McFADDIN, JJ., dissent.

CARLETON HARRIS, Chief Justice, dissenting. Under the authority of *McClendon* v. *Wood*, 125 Ark. 155, 188 S. W. 6, I respectfully dissent to the ruling of the majority. In that case, the mayor of Hot Springs was under indictment returned by the Garland County Grand Jury for nonfeasance in office, and the mayor sought a writ of prohibition from this Court, alleging that the Circuit Judge was about to proceed to a trial of the case without a jury, under the Constitution, he was entitled to a trial by jury, and the court would be acting beyond its power in attempting to try the case without giving him the benefit of a jury trial. This Court, in denying the writ, said:

" 'The office of the writ of prohibition,' said this court in the case of *Russell* v. *Jacoway*, 33 Ark. 191, 'is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction; but it is never granted, unless the inferior tribunal has clearly exceeded its authority, and *the party applying for it has no other protection against the wrong that shall be done by such usurpation.*[1] ' "

The remedy by appeal is certainly adequate in this case.

ED. F. McFADDIN, Associate Justice, dissenting. It is my firm conclusion that the Writ of Prohibition should

---

[1] Emphasis supplied.

*not* issue in this case, since Duncan's remedy by appeal is adequate.

We have this situation. The petitioner, Vernon Duncan, was charged in the Municipal Court of Little Rock with two misdemeanors: (1) disturbing the peace; and (2) refusing to obey the lawful orders of an officer of the United States Army, etc. Duncan was tried in the Municipal Court and found not guilty of disturbing the peace, but found guilty of refusing to obey the lawful orders of an officer of the United States Army, etc. From that conviction Duncan *appealed* to the Pulaski Circuit Court. The record contains no motion made in the Municipal Court to set aside the conviction.

If Duncan had thought the Little Rock Municipal Court was without jurisdiction to try him on the charge of refusing to obey the lawful orders of an army officer, then why did he not seek a Writ of Prohibition from the Pulaski Circuit Court under Art. VII, § 14 of our Constitution? No: he stood trial in the Municipal Court and then appealed. So far as this record shows, it was a straight appeal to the Pulaski Circuit Court. The point I make is, that Duncan *invoked* the jurisdiction of the *Pulaski Circuit Court.* Duncan cannot say the Pulaski Circuit Court is without jurisdiction to hear the misdemeanor case on appeal, because he invoked that jurisdiction.

In the Pulaski Circuit Court Duncan filed a motion to reverse the judgment of conviction of the Municipal Court; and when that motion was overruled, Duncan applied to this Court—in the present proceeding—for a Writ of Prohibition. Having invoked the jurisdiction of the Pulaski Circuit Court by appeal, Duncan should proceed with his trial on the misdemeanor charge in the Circuit Court; and then, if still dissatisfied, he can *appeal* to the Supreme Court. It is against all orderly processes for Duncan to invoke the jurisdiction of the Pulaski Circuit Court and then seek to prohibit the jurisdiction of the Pulaski Circuit Court; and yet that is the inconsistent position in which he finds himself in his attempt to prosecute this Petition for Writ of Prohibition.

Duncan says that his remedy by appeal is inadequate and incomplete and therefore he is entitled to prohibition. When a person demurs to a complaint and the demurrer is overruled, orderly processes require trial before appeal. By granting prohibition in this case the majority is, at least, intimating that every time a demurrer to an indictment or information be overruled, it will test such ruling on Petition for Writ of Prohibition. The case on which I place considerable reliance is that of *McClendon* v. *Wood*,[1] 125 Ark. 155, 188 S. W. 6. The opinion in that case recites a law of 1895 to the effect, that if the mayor of any city should knowingly and wilfully fail, refuse, or neglect to execute the laws and ordinances, then such official would be guilty of a misdemeanor, and upon trial and conviction in the circuit court such official would be removed from office. A proceeding was instituted against the Mayor of Hot Springs (McClendon) ; and the Judge of the Garland Circuit Court was about to try McClendon without a jury. McClendon petitioned this Court for a Writ of Prohibition to prevent his trial by the Judge without a jury. Certainly the right of trial by jury, guaranteed by the Constitution, is equivalent to any rights that a person might have on a misdemeanor appeal filed by such person in the circuit court.

In *McClendon* v. *Wood* the Supreme Court of Arkansas said that McClendon's remedy by appeal was adequate and that, therefore, prohibition would not lie. That case is ruling here : Duncan invested the Circuit Court of Pulaski County with jurisdiction when he appealed his misdemeanor conviction from the Municipal Court to the Circuit Court. The Pulaski Circuit Court should not be prohibited from proceeding with the trial of Duncan. If he claims that there was no offense committed, then let it be

---

[1] *McClendon* v. *Wood* has been cited many times by the Arkansas Supreme Court. In 41 A. L. R. 2d 780 there is an annotation on "Prohibition as a Remedy to Enforce the Right to Jury Trial." It is admitted in the annotation that there are cases supporting the general proposition that prohibition is an appropriate remedy in such a case; but Arkansas, California, Missouri, New York, and Ohio are cited as States holding that prohibition is not an appropriate remedy; and if prohibition is not an appropriate remedy on the matter of jury trial, certainly it is not an appropriate remedy on a misdemeanor appeal from Municipal Court to Circuit Court.

brought up on appeal where we will have the full record before us.

Finally, we have a Statute in Arkansas—§ 11-508, Ark. Stats.—which reads as follows:

"Any person who interrupts, molests or insults by abusive words or behavior, or obstructs any officer or soldier of the National Guard while on duty, may be immediately put and kept under guard until said duty is concluded, by the officer in command. Such officer may turn him over to any peace officer of the city or place where such duty is being performed and such peace officer shall thereupon deliver such offender for examination and trial before any court having jurisdiction. Any person violating the provisions of this section shall be guilty of a misdemeanor, and, on conviction, fined in any sum not less than fifty dollars ($50.00). (Acts 1929, No. 85, § 75, . . .)"

I think this is a salutary Statute: any civilian who resists the military will not be tried in military courts but will be returned to the civil courts for trial. Did Duncan violate this Statute by resisting the order of the officer? Just because the officer was in the Army of the United States did not keep him from being an officer in the Arkansas National Guard on duty. That is a matter of proof. Let us have the evidence brought before us in a record of his trial and then we can determine whether an offense was charged under this Statute. An Arkansas National Guard officer does not cease to be an Arkansas National Guard officer just because he is called into federal service. That is almost axiomatic in military circles.

There are many other questions argued in this case but I never reach those questions because the views herein stated convince me that Duncan's remedy by appeal is adequate and complete. Therefore, the Writ of Prohibition should not be granted.

I am authorized to state that Mr. Justice HOLT joins me in this dissent.