ROME *v.* AHLERT.

5-2075                                    332 S. W. 2d 809

Opinion delivered March 14, 1960.

*G. W. Lookadoo* and *Lookadoo, Gooch & Lookadoo,* for appellant.

*Huie & Huie* and *Wootton, Land & Matthews,* for appellee.

JIM JOHNSON, Associate Justice. This suit arises out of a collision that occurred on Highway 67 in the early morning of June 13, 1959, at about 1:30 o'clock on the bridge that crosses Bayou De Roche which separates Clark and Hot Spring Counties. It is admitted that the

center of the channel of the creek or bayou is the line between Clark County and Hot Spring County. The appellant, Myrtline Rome, filed suit in the Clark County Circuit Court on September 2, 1959; and appellant, Gertrude Arnold, individually, and as administratrix of the estate of Virgil James Arnold, Jr., filed suit on September 22, 1959. Both suits alleged certain damages done to the appellants and also alleged that the causes of action occurred in Clark County, Arkansas.

In due time appellees, Joseph F. Ahlert, et al., filed motions to dismiss in each case alleging that the causes of action occurred in Hot Spring County. The two suits were consolidated for the purpose of hearing the Motions to Dismiss and the Court, after hearing various witnesses, found in his opinion that by a preponderance of the evidence the causes of action occurred in Hot Spring County, but also found that there was ample evidence to go to the jury on the question of where the accident occurred. The Court held that it was his duty as the Court and not for a jury to pass upon the question of venue, and that the Circuit Court of Clark County was without jurisdiction to hear and determine the causes. The Court's ruling was based upon the further finding that the plaintiffs in each of the two suits were non-residents of the State of Arkansas and that the venue for the trial of the cases was controlled by the provisions of Act 314 of the General Assembly of the State of Arkansas for the year 1939, as amended. The Court granted the Motions to Dismiss the appellants' complaints. From that action of the Court comes this appeal.

For reversal, appellants rely upon the following two points:

1. The venue was strictly a jury question and should have been submitted to jury on proper instructions.

2. The court erred in finding that the preponderance of the evidence was that the cause of action occurred in Hot Spring County.

In support of the first point urged for reversal, appellants rely upon Section 23 of Article 7, and Amendment No. 16, Article 2, Section 7, of the Constitution of Arkansas, to sustain their position. It has always been the rule of appellate courts under our system of jurisprudence that constitutional questions will not be determined unless their determination is essential to the disposition of a case. *Commissioner of Labor, C. R. Thornbrough* v. *Danco Construction Company*, 226 Ark. 797, 294 S. W. 2d 336; *Duncan* v. *Kirby, Judge*, 228 Ark. 917, 311 S. W. 2d 157; *The Yellow Cab Co. of Texarkana, Inc.* v. *Texarkana Municipal Airport*, 230 Ark. 401, 322 S. W. 2d 688. A careful review of the record before us fails to reveal a request for a jury trial. The trial court's Memorandum Opinion does disclose that after the conclusion of the hearing on the Motion to Dismiss, and after the announcement of the court's findings, the attorneys were asked to enlighten the court on the controlling law. Briefs were filed by both sides in which the question of entitlement to a jury trial in cases such as is here presented was argued both pro and con. The discussion of the theories of learned counsel is interesting but since there was no request made in the record for a jury trial we do not find it necessary for the disposition of this case to reach the point raised.

While we think it is doubtful that appellants in this case had a constitutional right to a trial by jury of an issue of fact on a question of venue, it is sufficient to say that they waived it by voluntarily submitting to a trial of the issues by the court sitting as a jury without making an effort to obtain a jury trial until the findings of the trial court had been announced. *Chapline* v. *Robertson*, 44 Ark. 202.

Point two urged for reversal questions the preponderance of the evidence. A number of credible witnesses were produced by each side. The testimony as to the place where the collision occurred is in hopeless conflict. However, a careful review of the record does reveal that it is undisputed that the center of the bridge on

which the collision occurred was also the approximate center of the De Roche Creek or bayou which was stipulated to be the line between Hot Spring and Clark Counties. It is further undisputed that after the collision occurred, both vehicles involved came to rest at points north of the center of the bridge and that the north side was the Hot Spring County side of the bridge. From all of the testimony adduced it is possible that had we been sitting as the trial court in this case we would have found to the contrary of his ruling. Even so, from the undisputed evidence contained in the record here presented we cannot say that there was no substantial evidence to support the trial court's findings.

It has long been the rule that when the trial judge decides a fact question, either interlocutory or preliminary to the trial, such decision will be sustained on appeal if there is any substantial evidence to support it. *Blass v. Lee,* 55 Ark. 329, 18 S. W. 186; *Metcalf v. Jelks,* 177 Ark. 1023, 8 S. W. 462; *Mosley v. Mohawk Lbr. Co.,* 122 Ark. 227, 183 S. W. 187; *Shephard v. Hopson,* 191 Ark. 284, 86 S. W. 2d 30; *Halliday v. Fenton,* 164 Ark. 11, 260 S. W. 961; *Scroggin & Co. v. Merrick,* 176 Ark. 1205, 5 S. W. 2d 344; *McElroy v. Underwood,* 170 Ark. 794, 281 S. W. 368.

**Affirmed.**