DENT, ADM'R. *v.* INDUSTRIAL OIL & GAS CO.

4-5248                                   122 S. W. 2d 162

Opinion delivered November 21, 1938.

*George Patterson, J. K. Mahony, H. S. Yocum, Emon A. Mahony* and *Charles E. Wright,* for appellant.

*Daily & Woods,* for appellee.

MEHAFFY, J. On May 22, 1929, the appellee, Industrial Oil & Gas Company, entered into a contract with G. T. Cazort and his wife, C. M. Cazort, by which the Cazorts agreed to sell gas to the appellee company. The contract consists of 23 paragraphs, most of them long, and in the view we take of it it is unnecessary to set out the entire contract, although, in construing it, it is necessary to consider the whole contract. The parties had had other contracts prior to the time of making this one.

On April 5, 1934, G. T. Cazort and C. M. Cazort filed suit in the Sebastian chancery court, Fort Smith district, against the Industrial Oil & Gas Company, setting out the contract above mentioned, and asked that the appellant company be required to account fully for the gas taken by it from the Crawford fields during the three years last past; that it account for the amount of gas it so contracted and agreed to take, of one million cubic feet per day, less the amounts actually paid for by it, and that plaintiffs have judgment against it for one-fifth of the amount of its said judgment against the Hardin

Gas Company so settled by it without consent of the plaintiffs; that it be required to set up a true copy of the said agreement between plaintiffs and it, and produce the original for inspection and comparison. That it be required to render a complete account of its sales in the Fort Smith area for the past three years, and submit its books and meter readings in verification thereof.

Appellant company filed motion to require the plaintiffs to make their complaint more definite and certain.

G. T. Cazort died in August, 1935. The death was suggested and admitted and the court made an order that the cause be revived as to G. T. Cazort, the revivor being in the name of R. E. Dent, administrator of the estate of G. T. Cazort, deceased.

The appellants filed an amended complaint on September 23, 1936, and there was attached to such amended complaint the contract sued on. There was also a motion filed to require that the City National Bank, agent, and the City National Bank, be made parties. The Twin City Pipe Line Company filed demurrer which was sustained by the court, and ordered that the City National Bank as trustee or agent be made party plaintiff.

The appellants then filed an amendment to the amended complaint. The City National Bank entered its appearance and the Industrial Oil & Gas Company filed answer denying each allegation of the amended complaint and amendment thereto.

Objections and exceptions were filed to deposition of Mrs. Cazort. It is not necessary to discuss these, because in appeals from chancery courts this court considers only competent evidence.

Appellants say in their brief: "Only one issue is involved in this suit and that a simple one—a construction of this single paragraph of the contract of May 22, 1929, between the original plaintiffs, G. T. Cazort and C. M. Cazort, and the original defendant, Industrial Oil & Gas Company." The paragraph referred to by appellants is as follows:

"Second party agrees that it will during the term of this contract take from first parties, provided first parties can furnish same under the terms hereof, a mini-

mum of 1,000,000 cubic feet of gas per day under present conditions and during the period which the smelter located east of Van Buren is operating. Second party agrees that it will take a minimum of 2,000,000 cubic feet of gas per day. The recital of a minimum in this paragraph, however, shall not affect the obligation of second party to take from first parties one-fifth (1/5) of the gas taken from Crawford county, Arkansas, under the terms of this contract, or obligate second party to take at any time an amount in excess of one-fifth (1/5) of the gas taken from Crawford county, Arkansas, under the terms hereof.''

The interpretation of a contract is the determination of the meaning attached to the words written or spoken which make the contract. It is the duty of courts to discover the meaning of a specific contract, and to enforce it without leaning in either direction, when the parties stood on an equal footing and were free to do what they chose.

''All mercantile contracts ought to be interpreted according to their plain meaning, to men of sense and understanding, and not according to forced and refined interpretations which are intelligible only to lawyers, and scarcely to them. Contracts should neither, on the one hand, be so narrowly or technically interpreted as to frustrate their obvious design nor, on the other hand, be so loosely or inartificially interpreted as to relieve the obligor from a liability fairly within the scope or spirit of their terms.'' 12 Amer. Jurisprudence, 745.

In construing contracts the court must, if possible, ascertain and give effect to the intention of the parties as far as this can be done consistently with legal principles, and this intention must be ascertained from the whole contract. *Sternberg* v. *Snow King Bak. Pow. Co., Inc.,* 186 Ark. 1161, 57 S. W. 2d 1057; *Coca-Cola Bottling Co. of Ark.* v. *Coca-Cola Bottling Co.,* 183 Ark. 288, 35 S. W. 2d 579; *Sydeman Bros., Inc.* v. *Whitlow,* 186 Ark. 937, 56 S. W. 2d 1020; *Dewey-Portland Cement Co.* v. *Benton County Lbr. Co.,* 187 Ark. 917, 63 S. W. 2d 649.

The lower court found the issues in favor of appellees and against appellants. A majority of this court is

of the opinion that the chancery court's decision is correct and that a proper construction of § 23 quoted above is not that appellees are required to take a minimum of 1,000,000 cubic feet of gas per day, but that they are required only to take one-fifth of the gas taken from Crawford county. A portion of the section reads as follows: "The recital of a minimum in this paragraph, however, shall not affect the obligation of second party to take from first parties one-fifth of the gas taken from Crawford county, Arkansas, under the terms of this contract, or obligate second party to take at any time an amount in excess of one-fifth of the gas taken from Crawford county, Arkansas, under the terms hereof." This court holds, after a consideration of the entire contract, that the clause above referred to in § 23 of the contract manifests the intention of the parties to fix the minimum which appellees must take, not at 1,000,000 cubic feet, but at one-fifth of the gas taken from the Crawford county fields, and that appellees can not, under the contract, be required to take more than that. (Mr. Justice HUMPHREYS and the writer are of opinion that the minimum is 1,000,000 cubic feet.)

It is the opinion of the majority that the decree of the chancery court is correct, and the decree is, therefore, affirmed.