YELLOW CAB CO. OF TEXARKANA *v.* TEXARKANA MUNICIPAL AIRPORT.

5-1838                    322 S. W. 2d 688

Opinion delivered April 13, 1959.

Shaver, Tackett & Jones, for appellant.

Chas. C. Wine, for appellee R. L. Torrans; LeRoy Autrey, for appellee Texarkana Airport.

JIM JOHNSON, Associate Justice. This appeal is brought by appellant, Yellow Cab Company of Texarkana, Inc., from a decree of Miller County Chancery Court dismissing its prayer to restrain appellee, Texarkana Airport Authority, from terminating a contract that existed between appellant and appellee. This contract granted appellant an exclusive concession to operate a "Rent-A-Car" business at the Texarkana Municipal Airport. Upon receipt of notice from appellee Airport Authority that the contract was terminated, appellant brought this action against the Authority and appellee R. L. Torrans who is also in the "Rent-A-Car" business.

Torrans filed a cross-complaint seeking a declaratory judgment that the contract was invalid and made the City of Texarkana, Arkansas, a third-party defendant.

From a holding by the Chancellor that the contract was terminated under its expressed terms by prior notice being given appellant, this appeal followed.

For reversal two points are urged:

## I.

The trial court erred in refusing to hold that the involved lease was for a term of five years and annually thereafter unless notice of intent to cancel be given at least thirty days prior to the commencement of any such additional annual period, and in holding that the lease was terminated on July 1, 1958.

## II.

The trial court erred in holding that Ordinance B-746 was unconstitutional.

Point two will be discussed first.

Appellant's counsel forcefully contended throughout the trial as follows: "I want the Court to understand that we are not suing on the ordinance. We are suing on the contract . . . I am not introducing the ordinance; only the contract. That is all I am interested in." In compliance with appellant's contentions and since it has long been the rule of this Court not to pass on constitutional questions when a decision can be reached on other grounds, we will not go into the constitutionality of Ordinance B-746. *Duncan* v. *Kirby*, 228 Ark. 917, 311 S. W. 2d 157.

Section 2 of the contract is as follows:

"The term of this lease shall be 60 months, commencing on July 1, 1956, and on July 1st in each year thereafter, on the same terms and conditions as herein set forth, unless either party hereto shall give to the other notice at least 30 days before the commencement of such additional period of its intention to terminate this lease, in which event this lease shall terminate on the 1st day of July in the year in which such notice is given."

Appellees rely upon Section 2 of the contract as authority in the Airport Authority to terminate the exclusive contract by giving appellant 30 days' notice prior to July 1, 1958, of its intention to terminate, which notice was given within the time specified.

Under point one appellant argues that the issues before the Court are: (1) Is the contract so ambiguous as to justify the trial court in admitting, over objections of the appellant, evidence of negotiations and construction by appellees as to the meaning of Section 2; and (2) did the section give the Texarkana Airport Authority the power to cancel the contract by giving 30 days' notice of its intention to cancel at a time within, and before the expiration of, the 60-month term of the lease?

After a very careful study of the contract we are of the opinion that Section 2 is so ambiguous as to be susceptible to more than one reasonable construction. Therefore, it was not error for the trial court to admit evidence of negotiations. *Montgomery* v. *Ark. Cold Storage and Ice Co.*, 93 Ark. 191, 124 S. W. 768. Our rule has long been that the object to be attained in interpreting a contract is to ascertain the meaning and intent of the parties as expressed in the language used. *Dent* v. *Industrial Oil and Gas Co.*, 197 Ark. 95, 122 S. W. 2d 162; *American Snuff Co.* v. *Stuckey*, 197 Ark. 540, 123 S. W. 2d 1063.

The pertinent parts of the record relative to the negotiations on the contract are briefly as follows:

On June 25, 1956, the authorized agents of appellant, Yellow Cab Company of Texarkana, Inc., entered into negotiations with the Airport Commission of the City of Texarkana, Arkansas, for an exclusive concession to operate a "Rent-A-Car" business at the Texarkana Municipal Airport. Agreement was reached that appellant would receive such exclusive concession for the consideration of $60.00 per month payable monthly in advance. The minutes of the Commission's meeting show that the lease was to be for 5 years "providing the lease may be terminated by either party upon 30 days notice prior to each twelve month period."

Appellant's attorney thereafter drew up an agreement between appellant and the Commission with effective date of July 1, 1956. On July 26, 1956, by ordinance, the City Council of the City of Texarkana, Arkansas, authorized the Commission to enter into and execute the agreement on behalf of the City of Texarkana, Arkansas. Pursuant to this authorization, the Commission executed this agreement.

A portion of the trial court's excellent memorandum opinion is as follows:

"It appears to the court that the clear intention of the parties to this contract was that an exclusive con-

tract was granted to the plaintiff for 60 months, or five years, and that 60 months, or five years in order to make it easy to understand, is divided into five one-year periods. The thing that is so likely to mislead us in construing this contract, is which date do we start from? July 1, 1956, or July 1, 1961, at the end of the five year period? It is clear to the court that the intentions of the parties were to start counting from July 1, 1956, and on each annual period thereafter, which would be July 1st of each year, either party to this contract could give the other party notice 30 days before the beginning of the next annual period of the contract and that this notice would terminate the remainder of the contract."

In addition to what we have said above, we also call attention to the settled rule of this Court that contracts are always construed most strongly against the one preparing them, *W. T. Rawleigh Co.* v. *Wilkes,* 197 Ark. 6, 121 S. W. 2d 886. Therefore, we cannot say that the Chancellor's opinion was against the weight of the evidence.

Affirmed.