HOOD *v.* CITY OF PINE BLUFF.

5-3399                                                                385 S. W. 2d 1

Opinion delivered December 21, 1964.

*Dick Hood,* for appellant.

*George N. Holmes* and *Stephen A. Matthews,* for appellee.

ED. F. MCFADDIN, Associate Justice. This appeal is an attack on Ordinance No. 3803 of the City of Pine Bluff. Two suits were filed in the Chancery Court against the City and its officials. Jim Hood was plaintiff in one

suit, and John Hestand in the other. The suits were consolidated in the Chancery Court and trial resulted in a decree upholding the Ordinance and this appeal ensued in which the appellants urge only two points, subsequently to be set out and discussed. At the outset, we copy the Ordinance in full:

"ORDINANCE NO. 3803

"AN ORDINANCE GRANTING AN EXCLUSIVE PERMIT FOR THE PLACING OF REST BENCHES BEARING ADVERTISING MATTER UPON PORTIONS OF CERTAIN PUBLIC THOROUGHFARES AND OTHER LOCATIONS.

"BE IT ENACTED BY THE CITY COUNCIL OF THE CITY OF PINE BLUFF, ARKANSAS:

"1. An exclusive permit is hereby granted and awarded to H. L. Jones, his heirs and assigns, for a period of ten (10) years from the effective date hereof, to place artistic benches bearing advertising in the City of Pine Bluff, Arkansas, at such places, points and locations as the permittee selects. The permittee is hereby authorized to locate and place benches along public streets and thoroughfares, shopping centers and other localities which will serve the public convenience and necessity.

"2. The said H. L. Jones, his heirs and assigns, are granted permission to sell advertising space on such benches; provided, however, that no advertisement for any alcoholic beverages will be placed on any portion of any bench.

"3. For and in consideration of such permit, the said H. L. Jones, his heirs and assigns, agree to pay to the City of Pine Bluff the sum of Five and No-100 Dollars ($5.00) per bench per year, said fee being payable in advance annually within thirty (30) days from the effective date or anniversary date of this ordinance, with a minimum of fifty (50) benches guaranteed. Any benches placed in the interim shall be at the rate of Five

and No-100 Dollars ($5.00) per bench for any period six (6) months or over, and at the rate of Two and 50-100 Dollars ($2.50 per bench for any period less than six (6) months and shall be due and payable upon the issuance of a permit by the City Engineer. Before the placement of any bench a permit must be issued by the City Engineer and the location of said bench approved by director of traffic.

"4. All rest benches hereafter placed along streets of the City of Pine Bluff shall be constructed of a combination of materials that will be durable and attractive. Each bench shall be approximately seven (7) feet long, two (2) feet wide and fifty (50) inches high, and shall not weigh more than eight hundred (800) pounds. The benches shall be kept in good and safe condition and repair at all times. Permittee further agrees to keep the immediate area around the benches in clean, orderly and sanitary condition and in such maner as not to create a fire hazard or menace to health.

"5. If at any time during the period of the permit granted herein, or any extension thereof, any public property upon which any bench or benches are located is needed for public purposes, permittee, his heirs and assigns, will remove such bench at his own expense upon the request of the Mayor of the City of Pine Bluff or his agents.

"6. If permittee, his heirs and assigns, shall abandon or fail to perfor many of the duties, covenants, or things imposed upon him herein, the City of Pine Bluff may declare this permit breached and terminate same, unless said breach is corrected within thirty (30) days after the breach occurs and notice given by the City of Pine Bluff to the permittee. In such event the City of Pine Bluff is authorized, at its option, to take possession of said benches, disposing of them to the best advantage in its judgment, and any residue over and above the expenses involved shall be paid to the permittee, his heirs and assigns.

"7. Any assignee of permittee shall be obligated to notify the City Clerk of the City of Pine Bluff of any assignment of all or any part of this permit within thirty (30) days from the date of any such assignment. No assignment will be made or recognized without prior approval of the City Council of the City of Pine Bluff.

"8. There is hereby granted to the permittee, his heirs and assigns, an option to renew this permit for an additional ten (10) year period beyond the original term hereof upon the same terms and conditions as contained herein; provided, however, that the price per bench per year may be renegotiated and a new price agreed upon; provided further that such renegotiated price shall not exceed Ten and No-100 Dollars · ($10.00) per bench per year.

"9. This ordinance shall be in full force and effect thirty (30) days following its passage.

"Passed by the City Council November 18, 1963."

The evidence disclosed that the plaintiff, Jim Hood, had been the holder of a bus bench franchise in the City of Pine Bluff under an Ordinance somewhat similar to the Ordinance No. 3803. Hood's franchise had expired in 1959 but he had continued thereafter to place bus benches in the City of Pine Bluff without a franchise. H. L. Jones made a proposal to the City of Pine Bluff for a franchise for bus benches. His proposal was referred to the City Traffic Committee. Jim Hood also submitted a proposed ordinance that he be given an exclusive franchise. Both the proposed Hood and Jones ordinances were studied by the City Council's Traffic Committee and the entire Council; and changes were made; and the Ordinance No. 3803 was duly adopted by the City Council of Pine Bluff on November 18, 1963. No advertisement of any nature was published prior to the passage of the Ordinance No. 3803, and no bids were taken prior to the passage of the Ordinance. The City of Pine Bluff has at all times owned parks and recreational facilities.

Now we proceed to consider the two points on which the Ordinance is attacked; and we carefully limit our holding in this case to these two points and do not attempt to consider any other matters.

## I.

The appellants' first point is: "The Ordinance fails to comply with Act 224 of 1959." A careful study of the said Act convinces us that it has no application to a situation like the one here. This Ordinance only attempts to allow H. L. Jones a permit to erect benches on the sidewalk area of the streets and to have advertising matter on the benches. There is no sale, lease, or other disposition of any recreational area or park property by this Ordinance. The Act 224 of 1959, as amended by Act 25 of 1961, may now be found in Ark. Stat. Ann. § 14-701 (Supp. 1963) *et seq.* The said Act purports to grant authority to certain agencies, including municipalities, ". . . to sell, lease, grant, exchange or otherwise dispose of any property or interest therein comprising parks, playgrounds, golf courses, swimming pools, or other property which has been dedicated to a public use for recreational or park purposes . . ."

Granting to H. L. Jones a permit to erect benches with advertising material on them is *not* a sale or other disposition of a park or recreational facility in any way.

## II.

Appellants' second point is: "The Ordinance is void for uncertainty, being unreasonable and an arbitrary delegation of power." We find no merit in this point; and we cannot do better than to copy the excellent opinion of the learned Chancellor on this point:

"Is Ordinance No. 3803 void for indefiniteness and vagueness? A portion of Section 1 of the Ordinance when read alone lends weight to this argument of Plaintiff. A portion of Section 1 reads as follows: 'The permittee is hereby authorized to locate and place benches along public streets and thoroughfares, shopping centers

and *other localities which serve the public convenience and necessity.'* (Emphasis added.) As stated, this language standing alone would make the Ordinance rather indefinite. However, when this section is read in conjunction with last sentence of Section 3 and Section 5, it properly protects the public and the governing authority from abuses by the franchise holder. This is a valid delegation of discretionary powers to an administrative officer or officers, see 37 Am. Jur., "Mun. Corp.," Section 160, and it meets the requirement of certainty and definiteness required by law. See 37 Am. Jur., "Mun. Corp.," Section 163.

"Did the Mayor and City Council act unreasonably and arbitrarily in passing Ordinance No. 3803? The evidence reflects that two men were seeking the exclusive bench franchise for the City of Pine Bluff. These men are H. L. Jones and Jim Hood. Both men, personally as well as through counsel, were given an opportunity to be heard before a legally constituted meeting of the City Council; both men had authorized an Ordinance to be prepared setting out the terms of their respective bids to the city for the exclusive franchise for the placing of benches within the city. When a final vote was taken, an Ordinance favoring H. L. Jones passed by a vote of 5 to 3. Plaintiff Hood now contends that the Council acted arbitrarily. This argument is without merit. The Council is a legislative body and it was free in this matter to grant an exclusive franchise to one of two individuals. It chose one and, in effect, rejected the other. The loser, as is often the case, doesn't like the decision, but the will of the Council prevailed in a fair voice . . ."

Finding no merit in either of the two points urged by the appellants, the decree is affirmed.

HARRIS, C.J., not participating.