DONALD H. BRIDGES v. YELLOW CAB Co., INC. ET AL

5-3988                                             406 S. W. 2d 879

Opinion delivered October 17, 1966

*Richard W. Hobbs,* for appellant.

*Ben J. Harrison* and *Walter J. Hebert* and *Q. Byrum Hurst,* for appellee.

GEORGE ROSE SMITH, Justice. In 1963 the city of Hot Springs, by a resolution of the city council, approved a five-year franchise that granted to Virgil East an exclusive concession for the operation of a limousine cab service at the municipally owned airport. East later assigned the franchise to the appellant Bridges. Yellow Cab Company, Inc., brought this suit to enjoin the city from interfering with Yellow Cab's asserted right to maintain a cab stand at the airport. Bridges intervened, relying upon his exclusive franchise as a bar to the suit. This appeal is from a decree holding Bridges' franchise to be invalid under our constitutional prohibition of monopolies. Ark. Const., Art. 2, § 19 (1874).

Under the terms of the franchise Bridges pays the city a fixed monthly fee for the limousine concession. He is entitled to the exclusive use of four parking spaces at the airport. Bridges binds himself to provide a limousine cab service, to maintain his vehicles in good condition, and to carry public liability insurance in a specified amount.

Elsewhere, in decisions with which we agree, the courts have sustained exclusive limousine concessions such as this one. *Miami Beach Airline Service* v. *Crandon,* 159 Fla. 504, 32 So. 2d 153, 172 A.L.R. 1425 (1947); *Stone* v. *Police Jury of Parish of Calcasieu,* 226 La. 943, 77 So. 2d 544 (1954); *Ex parte Houston,* 93 Okla. Crim. 26, 224 P. 2d 281 (1950). In the *Stone* case the court used this pertinent language: "A necessary incident to the competent operation of an airport is adequate provision for transportation of passengers throughout the twenty-four hours of the day, and it would be unwarranted to hold that the Police Jury of Calcasieu Parish did not have the power to make contracts to insure the performance of these services. . . Since the Police Jury

was empowered to enter into such a contract, the plaintiff's contention that the purpose of the Ordinance was to protect a monopoly cannot be legally sustained; its object was to protect the right granted by the contract, so as to insure to the person who obligated himself to provide the service an adequate return for his furnishing of transportation facilities, proper equipment, competent drivers, and sufficient insurance to protect the public.''

We do not agree with Yellow Cab's contention that this case is controlled by *North Little Rock Transp. Co.* v. *City of North Little Rock,* 207 Ark. 976, 184 S. W. 2d 52, 159 A.L.R. 813 (1944). There the effect of the statute and ordinance was to grant to one company a monopoly upon the taxicab business in the entire city of North Little Rock. We pointed out that the company seeking the monopoly was under no obligation to continue its service for any length of time. Here, by contrast, Bridges is bound to provide service for the life of the franchise. His exclusive right is a narrow one, embracing only the maintenance of the limousine stand at the airport. Bridges concedes in his brief that competing cab companies may deliver departing passengers to the airport and that incoming passengers may telephone for the cab of their choice if they like. The city council's resolution specifically found that there was not enough business for the service to be maintained upon a competitive basis. In view of all these facts we cannot say that the exclusive franchise offends the constitution.

Reversed.