Gerald Nolan, J.
This proceeding pursuant to article 78 CPLR has been somewhat complicated by the procedure adopted by the parties. The petition, which was not accompanied by affidavits or other written proof, alleges that the petitioner is a resident of the City of Yonkers, that the City of Eye maintains the Municipal Eye Golf Course and Swimming Pool, in the city, and that the said facilities were acquired and are maintained and operated with public funds. It is further alleged that on September 27, 1966 the petitioner made application for the necessary permit to entitle him to use the facilities of the Eye Golf Course and Swimming Pool and tendered the fee therefor, and that the respondent Talento, the City Clerk of the City of Eye denied petitioner’s application because he was not a resident of the City of Eye. It is petitioner’s claim that said refusal and the limitation and restriction of the use of such public facilities to residents of the City of Eye, are unlawful and discriminatory, and violate the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and of section 11 of article I of our own State Constitution.
The respondents served an answer, denying certain allegations of the petition, and admitting that the City of Eye maintains and operates the golf course and swimming pool with funds of the City of Eye. It was not denied that petitioner had made application for a permit to use the facilities and that his application had been denied because he was not a resident of the city. The answer failed to state as required by CPLR 7804 (subd. [d]) ‘ ‘ pertinent and material facts showing the grounds of the respondent’s action complained of”, nor were there served and submitted with the answer affidavits or other written proof showing evidentiary proof sufficient to warrant a trial, but respondents did serve with the answer a motion for summary judgment, supported by an affidavit of the City Manager of the City of Eye, in which it is asserted that the golf course, swimming pool and other facilities were acquired by the City of Eye by the use of its own funds, for the use of the residents of the city, and are operated and maintained by city funds alone, and that the facilities afforded are insufficient to accommodate residents of the city and to permit, in addition thereto, use by others who are nonresidents and *261 that the city has found it necessary to restrict the use of the facilities to residents, to promote their health, comfort, convenience and welfare, and to avoid excessive congestion which would result in a breakdown of the facilities, and a deterioration thereof.
By reason of the procedure adopted, no reply was necessary and none was served. An affidavit was submitted by the petitioner however in opposition to the motion in which he stated that he was in no position to deny any of the facts alleged in the moving affidavit since they were peculiarly within the sole and exclusive possession of the respondents. Although this statement is not entirely accurate, since some of the facts alleged should be matters of public record, it appears that if it is necessary for respondents, in order to justify the acts complained of, to establish the allegations by the City Manager with respect to congestion, and the necessity for limitation of the use of the public facilities, a trial will be necessary. It does not appear that petitioner challenges the assertion by respondents that the facilities are operated and maintained by the city with its own funds, and it is clear that the facilities from which petitioner has been excluded are such that they necessarily have a limited capacity. Such being the case there is no reason why the respondents should be required to justify their actions until something more is alleged against them than they have limited the use of the golf course and swimming pool to residents, and denied petitioner’s application for a permit, and that such acts are illegal. It may be conceded that the golf course and swimming pool are devoted to a public use, and must be maintained by the city for the benefit and use of the public. That is not to say, however, that the city is required to maintain its facilities for the benefit of all the people of the State and may not restrict them for use by that portion of the public represented by its own residents (cf. Campbell v. Town of Hamburg, 156 Misc. 134; Hicks Development Corp. v. Incorporated Vil. of Lawrence, 282 App. Div. 1048, affd. 306 N. Y. 922; People ex rel. Village of Larchmont v. Gilbert, 137 N.Y.S. 2d 389, affd. 307 N. Y. 773). The equal protection clauses which petitioner invokes, do not prohibit the exercise by the City of Bye, of a wide discretion in the classification of persons who may benefit from public facilities maintained through the taxation of its residents. Concededly such classification must rest on some reasonable basis, but when it is called into question, if any state of facts, reasonably can be conceived that would sustain it, the existence of that state of facts must be assumed (cf. Morey v. Doud, 354 U. S. 457, 464). *262 In the instant case, although the procedure followed was not that prescribed by the statute (CPLR 7804), adequate reasons have been stated to justify the actions complained of, and petitioner concedes that he is in no position to dispute them. Concededly there has been a discrimination between residents and nonresidents, but it does not appear that the discrimination has been invidious (cf. Williamson v. Lee Optical Co., 348 U. S. 483, 489). No trial is necessary. Judgment is directed accordingly confirming the determination complained of and dismissing the petition.