Bernard S. Meyer, J.
Petitioner, which is engaged in the business of providing protective services, including fire department connected fire alarm systems, applied to respondent for permission either to use a line in the existing registry at the Westbury fire house or ,to install its own registry. Its request was denied on the ground that ‘ ‘ there are no lines available * * * and lack of space precludes the installation of any additional signalling equipment”. In this article 78 proceeding, petitioner seeks judgment requiring the district to make the requested connection, contending that (1) the Commissioners have failed to perform a duty enjoined upon them by law, (2) that their decision denying permission has no reasonable basis, (3) that the decision denied petitioner due process and equal protection and serves to create a monopoly in violation of section 17 of article III of the New York Constitution and section 340 of the General Business Law.
It is undisputed that American District Telegraph and Wells Fargo Protective Services presently have connections with the Westbury fire house of the type petitioner seeks. Respondent states, however, that their equipment was installed in the fire house in about 1954 and that in 1967 the district reconstructed *697 the dispatcher’s room in the fire house to provide for its own requirements and those of ADT and Wells Fargo 44 but because of the cost of the equipment and expenses involved, the installations were limited to such requirements ”, that there are only-three open pens on the existing equipment ‘4 which are especially reserved for future district use and cannot be relinquished”, that there is no space for an additional register in the existing dispatcher’s room, that it would be a burden on the dispatcher to have to translate yet another company’s signal code, that the Commissioners did not anticipate that additional companies would seek connections and that it would be a violation of their duty to the taxpayers to enlarge the facilities further. The court is not called upon to decide whether district funds can properly be expended in connection with establishment or maintenance of a private fire alarm system for particular properties (but see 23 Op. State Comp., 1967, 479, Opn. 65-538), for petitioner has offered to pay the costs of installing and maintaining the connection it requests.
What is at issue is whether the district can deny petitioner the right to make the connection it requests while at the same time allowing ADT and Wells Fargo to continue their connections. In the analysis of that question neither section 17 of article III of the Constitution nor section 340 of the General Business Law plays an important part. The allegation in paragraph 9 of the petition that the former 44 provides that the legislature cannot grant an exclusive franchise or privilege to a private corporation ’ ’ is inaccurate for the section proscribes only the passage by the Legislature of 44 a private or local bill ” to that end. The Public Service Law bears witness to the fact that the Legislature does in fact, by general statute as distinct from private bill, authorize exclusive franchises to private corporations. Further, as concerns section 340 of the General Business Law the petition (par. 11) is insufficient, for it does not allege any action in concert with ADT or Wells Fargo or anyone else, but only that by refusing petitioner’s request the district has entered into a combination or arrangement in violation of section 340. To constitute a section 340 violation here must be action with others (McGraw Elec. Co. v. Lockyer, 267 App. Div. 897). Finally, as concerns both provisions, it is the law that 44 a monopoly or agreement in restraint of trade may, upon occasion, be warranted in the exercise of the police power ” (American Consumer Ind. v. City of New York, 28 A D 2d 38, 41) as when it concerns a matter so closely related to public health as the collection of garbage (City of Rochester v. Guterlett, 211 N. Y. 309; see, also, Matter of Union Ferry Co., 98 N. Y. 139). The *698 franchise so granted must, however, “ be reasonable, necessary and appropriate for the protection of public health and comfort * * * [and] must not violate fundamental law, interfere
with the enjoyment of fundamental rights beyond the necessities of the case, and must bear a real, substantial relation to the object to be achieved ” (American Consumer Ind. v. City of New York, supra, p. 41). 'While the instant proceeding concerns not a legislative but an administrative grant of such a franchise or privilege, more stringent standards are to be applied to the latter than the former because there is no presumption of constitutionality of administrative action. Upon analysis, then, it appears that the question is not whether the cited provisions of the Constitution and the General Business Law have been violated, but whether the district’s act in granting a privilege to some and excluding others is a reasonable exercise of police power.
Since we deal here with administrative action, it is relevant also to consider the authority under which the Commissioners acted. Petitioner points to section 176 of the Town Law as enjoining upon the Commissioners a duty sought to be enforced in this proceeding. Subdivision 15 of that section does provide that the Commissioners “ May construct and maintain an adequate fire alarm system in said district.” Passing the question whether, in view of its permissive language, that provision imposes any duty at all, the court concludes that while it does not impose any duty to allow private companies to connect into the fire alarm system, it is hroad enough to authorize the Commissioners, if in their discretion they deem it appropriate to do 'So, to permit private companies to make such connection. But, though the Town Law does not mandate such action, the equal protection clauses (U. S. Const., 14th Admt; N. Y. Const., art. I, § 11) do require that when the district elects to grant permission for such a connection the grant be equally applicable to all (Matter of Madole v. Barnes, 20 N Y 2d 169, 173; East Meadow Community Concerts Assn. v. Board of Educ., 18 N Y 2d 129, 133 and 19 N Y 2d 605; Matter of Hooker v. Conte, 208 Misc. 188; see Matter of Fitzgerald v. State Div., Dept. of Public Serv., 262 App. Div. 393) unless there is a reasonable basis for the differentiation made (Matter of Schreiber v. City of Rye, 53 Misc 2d 259, 261). The only basis suggested in the papers for the differentiation in the instant case is that ADT and Wells Fargo have had their connections since 1954. Whether the Commissioners ’ determination to exclude petitioner from connection is reasonable depends, however, not on priority alone, but also on whether the exclusivity granted should be perpetual, what *699 the effect on fire protection will be if ADT and Wells Fargo are required to relinquish some of their connections in. favor of petitioner, and probably other factual questions that will occur to those more expert in the use and functioning of the equipment involved than is the court.
What has been written so far assumes that the Commissioners’ contentions that they can neither allocate to petitioner one of the three open pens on the existing equipment nor allow petitioner to install a new register is factually correct. However, petitioner vigorously contests both premises, as well as the further argument that additional equipment will place an undue burden on the dispatchers. Triable issues of fact exist, therefore, as to those questions, and, if the district’s contentions be upheld as to them, on the further questions whether there exists a reasonable basis for excluding petitioner from the classification in which ADT and Wells Fargo have been placed by the Commissioners. Since the determination of those issues may involve a somewhat extended trial, the matter will be set down on the Special Term, Part III Calendar for the opening day of the September, 1970 Term, subject to the Justice presiding, provided petitioner serves and files a note of issue and statement of readiness, which the Clerk will be directed to accept, on or before July 27, 1970.