Morton B. Silberman, J.
This is an article 78 proceeding. Petitioners seek review of a determination made by respondent Commissioner of the Rockland County Department of Health. *773 Petitioners also seek to declare unconstitutional a certain resolution of respondent Legislature of Rockland County.
Petitioners are the parents of Kristin Sawyer, who is about four years of age. The child suffers from a hearing deficit with resultant speech difficulties. In May, 1971 petitioners applied to the Rockland County Department of Health for financial assistance to enable Kristin to partake in a six-month speech therapy program at the Rockland County Center for the Physically Handicapped. Such financial assistance is available under the Rockland County Department of Health’s ‘1 Physically Handicapped Children’s Program.”
In a letter dated June 14, 1971, petitioners’ application was denied. The sole stated reason was that Kristin had not been a resident of Rockland County for at least 10 months. In denying the application the respondent Commissioner of Health relied upon Resolution No. 279 of 1971 of the Rockland County Legislature. That resolution, as amended by Resolution No. 369 of 1971, provides, in part, that “the Health Department Physically Handicapped Children’s Program will be available to children who will have been residents of the County of Rock-land for a period of ten (10) months at the time of application and to children born of parents who shall have been residents of the County of Rockland for a period of ten (10) months at the time of application.”
In this proceeding, petitioners challenge the validity of the foregoing 10-month minimum residency requirement. Petitioners contend that neither the Rockland County Legislature nor the Commissioner of the Rockland County Department of Health has the legal authority to impose such a residency requirement and that, in any event, such a requirement is unconstitutional in that it deprives petitioners of their equal protection rights under the State and Federal Constitutions. The court agrees.
The New York State Legislature has declared that “It is the policy of the state of New York to provide medical service for the treatment and rehabilitation of handicapped children ’ ’ (Public Health Law, § 2580). To insure that this policy would be translated into action, the Legislature cast an affirmative duty upon the State Department of Health to provide such medical service to handicapped children “ on its own initiative ” (Public Health Law, § 2582, subd. 1).
On the local governmental level, the State Legislature has provided that “ The commissioner of health of any county * * * health district * * * may issue authorizations for *774 medical service for physically handicapped children, and the expenses thereof, when approved by snch health commissioner * * * and duly audited, shall be a charge upon the county * * * wherein such children are domiciled at the time application is made for such medical service ” (Public Health Law, § 2582, subd. 2. The Commissioner of a County Health Department has the authority to order the persons having the legal duty to support a handicapped child to pay all or a part of the expenses for such medical service (Public Health Law, § 2582, subd 3). Such an order is reviewable by the Family Court (Family Ct. Act, § 232, subd. [a], par. [2]).
Additionally, the Legislature has conferred jurisdiction over handicapped children upon the Family Court, and has given that court the power to make orders directing that a handicapped child in need of medical service be given same (Family Ct. Act, § 232, subd. [b]).
The foregoing statutory scheme evinces a strong State policy that facilities for treatment and rehabilitation be available to all children residing in this State who have suffered the misfortune of physical handicaps. Express authority for the imposition of a minimum residency requirement is not contained in the foregoing statutes, or elsewhere. Respondents’ contention that implied authority exists does not find support in the statutes, and cannot be sustained. In making provision for public assistance of other types the State Legislature has expressly conditioned the eligibility of applicants upon their having been residents for a stated period of time (see, e.g., L. 1971, ch. 606; Social Services Law, § 139-a). Had the Legislature intended to similarly limit the eligibility of applicants for assistance for physically handicapped children, or to authorize County Health Departments to do so, the Legislature could have expressly so provided. The court concludes that neither the Rockland County Legislature nor the Commissioner of the Rockland County Department of Health has the legal authority to impose the residency requirement herein.
Moreover, such residency qualification is constitutionally defective. In recent years, attempts made by this State and others to limit public assistance to applicants meeting a minimum residency requirement have not withstood the test of constitutionality (see Graham v. Richardson, 403 U. S. 365; Wyman v. Bowens, 397 U. S. 49, affg. Gaddis v. Wyman, 304 F. Supp. 717; Shapiro v. Thompson, 394 U. S. 618; see, also, Lopez v. Wyman, 329 F. Supp. 483). The cited cases make it clear that in providing services for residents a governmental unit cannot, *775 consistently with the equal protection clause, treat newly arrived residents less favorably.
The court holds that the 10-month residency requirement herein is illegal, unconstitutional and void.
Accordingly, the Commissioner’s determination is annulled and petitioners’ application is remitted to respondent Commissioner for determination on the merits.