Frank J. Kronenberg, J.
Petitioner has instituted an article 78 CPLR proceeding asking that respondents show cause why an order or judgment should not be made as follows:
1) Directing a hearing de novo to review the action of respondents in refusing to place Professional Ambulance Service, Inc., on the roster currently maintained by the Niagara Falls Police Department. (It is alleged that said “ list ” is used to disperse the calls received by the Department between the two services presently on said roster.)
2) Directing that respondents make the roster and the record of dispersement of calls available to it.
*942 3) Granting damages to petitioner pursuant to CPLR 7806.
4) Petitioner seeks further a determination as to whether the action of respondents has been discriminatory and unreasonable, and whether the refusal of respondents to place petitioner on its list and permitting it the use of the governmental frequency for dispersal of emergency vehicles (KEJ 587), is unlawful, arbitrary, capricious, unreasonable and discriminatory.
It appears that there is no city ordinance or regulation pertaining to the maintenance of the calling list in question and that there are no specific standards set up nor are there specific procedures to follow to be placed on said list. It is a device created by the Police Department.
Petitioner alleges that most calls for ambulances are received by the Police Department or telephone company, which then refers the call to the Police Department, and that few people call an ambulance directly, and that as a result thereof petitioner is arbitrarily denied one third of the calls received by the Police Department.
Petitioner alleges that it is on the Fire Department’s “ list ” and that it sees no reason for being disqualified from servicing the Police Department calls.
On the face of these allegations it appears that petitioner is being treated “ unfairly ”.
However, the questions presented here are:
1) First, are respondents required to place petitioner on a “ list ” that is in no way “ officially ” required? Does the creating of the list give it ‘ ‘ official sanction ’ ’ and thus put the respondents in a position where they must place all those qualified on said list?
2) Secondly, whether or not respondents are required to place petitioner on their list, is their failure to permit them to participate in a public service for which they are qualified, arbitrary, and capricious, and thus an unfair business practice?
Respondents answer as follows:
1) In a mandamus proceeding the party is obligated to demonstrate that it possesses a clear legal right to the relief which it seeks. (Zara Contr. Co. v. State of New York, 22 A D 2d 415; Matter of Taitt v. Wagner, 26 A D 2d 881; Matter of Alweis v. Wagner, 14 N Y 2d 923.)
2) If petitioner is unable to show a violation of a statutory duty imposed upon the respondents, mandamus is not available to it. (Matter of Phalen v. Theatrical Protective Union, 27 A D 2d 909, revd. on other grounds 22 N Y 2d 34.)
*943 Petitioner counters with the argument that the action of the Police Department is an unreasonable restraint of trade and that it is in violation of subdivision 1 of section 340 of the General Business Law which states in part:
“ Every contract, agreement, arrangement or combination whereby * * * Competition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service * * * is or may be restrained, is hereby declared to be against public policy, illegal and void.”
This section has been held applicable to a municipality where the actions of a city created an exclusive contract forcing the public to deal with a selected business corporation. (American Consumer Inds. v. City of New York, 28 A D 2d 38.)
A municipality acting in a proprietary capacity cannot under the guise of exercising its police power create a monopoly.
However, a monopoly or agreement in restraint of trade may, upon occasion, be warranted in the exercise of police power, but the privilege granted must be reasonable, necessary and appropriate for the protection of public health and comfort and must not violate fundamental law or interfere with enjoyment of fundamental rights beyond necessities of the case, and must bear a real substantial relation to the object to be achieved. (N. Y. Const., art. III, § 17; Matter of AFA Protective Systems v. Crouchley, 63 Misc 2d 695.)
Hothing before this court indicates a reason for precluding petitioner from participating in the rendering of its services to its community, and, although it does not appear that it is incumbent upon the Police Department to maintain a “list”, having done so, it is obligated to refrain from the unfair business practice that it has established by refusing to include petitioner.
It is not really a matter of “ including ” any one; the gist of the unlawful act is the refusal to permit the placing of petitioner’s name-on the list. Such action is arbitrary and capricious and contrary to the Constitution and General Business Law as previously cited.
Consequently, the relief sought by petitioner herein must be and hereby is granted.