HON. L. FOSTER JAMES, JR. Town Attorney, Edinburg
This is in response to your letter of June 15, 1976, to Attorney General Louis J. Lefkowitz. In your letter you raised two questions:
 (1) May the Town Board, which maintains the town cemetery, limit the sale of burial lots to residents of the town; and if so,
 (2) May the Town Board limit the sale of burial lots to persons who have been residents for a specified period of time.
The Legislature has granted to town boards the authority to maintain burial grounds or cemeteries. Town Law, § 290, states, in part, that a town board has power to: "* * * sell and convey * * * burial lots, at such terms as may be agreed upon between the parties * * *."
The town cemetery is supported by real property taxes levied upon property owners in the town. The cemetery has a limited number of burial plots. The Town Board desires to restrict the sale of burial plots to residents.
The legal issue to be resolved is whether classification between resident and non-resident violates the equal protection provisions of the New York State Constitution found in Article I, § 11, and the Fourteenth Amendment of the United States Constitution.
The Supreme Court of the United States stated in SouthernRailway Co. v. Greene, 216 U.S. 400, 417:
 "While reasonable classification is permitted, without doing violence to the equal protection of the laws, such classification must be based upon some real and substantial distinction, bearing a reasonable and just relation to the things in respect to which such classification is imposed; and classification cannot be arbitrarily made without any substantial basis. * * *"
In People ex rel. Village of Larchmont v. Gilbert, 137 N.Y.S.2d 389
(1954), a village parking lot was designated for the exclusive use of residents. The defendant, a non-resident, parked his vehicle in the parking lot, and as a result was found guilty of violating the village ordinance. The defendant appealed to the County Court contending that the ordinance violated the equal protection clauses of the New York and United States Constitutions. The court stated, in part, at page 392:
 "The court sees no good reason why a municipality should not be permitted to set aside a parking area exclusively for the use of its own residents. The entire expense of such an undertaking falls exclusively upon the inhabitants of the municipality and they should be entitled to preferential treatment in this respect."
The conviction was upheld.
In Matter of Schreiber v. City of Rye, et al., 53 Misc.2d 259
(1967), the court upheld the city's refusal to grant petitioner, a non-resident, a permit to use the city swimming pool and golf course. The court stated, in part, at page 261:
 "It may be conceded that the golf course and swimming pool are devoted to a public use, and must be maintained by the city for the benefit and use of the public. That is not to say, however, that the city is required to maintain its facilities for the benefit of all the people of the State and may not restrict them for use by that portion of the public represented by its own residents. The equal protection clauses which petitioner invokes, do not prohibit the exercise by the City of Rye, of a wide discretion in the classification of persons who may benefit from public facilities maintained through the taxation of its residents." (Citations omitted.)
Analogizing the sale of cemetery lots to the sale of permits to use municipal owned facilities, we are of the opinion that the Town Board may restrict the sale of cemetery lots to residents and taxpayers.
On the issue of a minimum residency requirement, it has been held unconstitutional under the equal protection clause to treat newly arrived residents less favorably. See, Matter of Sawyer, et al. v. Vanadzin, 67 Misc.2d 772 (Sup.Ct., Rockland County, 1971), and cases cited therein.