WARREN-MERRITT ENTERPRISES, INC. et al *v.*
Donald H. BRIDGES and Wade THOMAS

82-118                                                   637 S.W.2d 601

Supreme Court of Arkansas
Opinion delivered July 19, 1982
[Rehearing denied September 13, 1982.]

*Callahan, Wright, Crow, Bachelor & Lax,* by: *Carl A. Crow, Jr.,* for appellants.

*Hobbs, Longinotti & Bosson,* for appellees.

JOHN I. PURTLE, Justice. The trial court found that the airport commission for the city of Hot Springs, Arkansas, was operating within its authority when it authorized appellee to operate vehicles for hire between the airport and other points, although such vehicles were not licensed pursuant to an ordinance enacted by the city council. There were several other matters considered by the trial court. This appeal is from that portion of the decree denying an injunction against appellee's continued operation of Airport Limousine Service without first obtaining a permit and license approved for that purpose by the Hot Springs City Council.

Appellants urge that the airport commission of the city of Hot Springs is not empowered to authorize operation of motor vehicles for hire as such power is vested exclusively in the city of Hot Springs. The trial court reached the correct decision although relying in part on the wrong authority. We affirm its decision.

Resolution No. 399 by the city of Hot Springs, Arkansas, approved the original airport limousine franchise agreement between the city of Hot Springs and the appellee's assignor on June 8, 1953. The Airport Limousine Service has continued to operate since that time. Resolution No. 546 of the city of Hot Springs approved the second airport limousine franchise agreement between the city and the Airport Limousine Service on March 4, 1963. On January 4, 1965, the appellee, Bridges, acquired the right to operate the limousine franchise service and has continued to operate said service since that date. The court found that the city council never formally confirmed the assignment to appellee Bridges of the rights under the second airport limousine franchise agreement. In 1968, the city of Hot Springs enacted Ordinance No. 2963, codified in the Hot Springs Code as §§ 4-12.11 through 4-12.20 which created the Hot Springs Airport Commission. Section 4-12.15 lists the duties and powers of the airport commission as follows:

The airport commission as hereunder appointed shall have full and complete authority to manage, operate, improve, extend and maintain the Hot Springs Muni-

cipal Airport, its related properties and facilities, and shall have full and complete charge of said airport, its related properties and facilities, including the right to employ or remove any and all assistants and employees of whatsoever nature, kind or character, and to fix, regulate and pay their salaries, it being the intent of this article and the act under which it is authorized to vest in said airport commission unlimited authority to operate, manage, maintain, improve and extend said Hot Springs Municipal Airport, its related properties and facilities, and to have full and complete charge therefor.

The appellants operate a fleet of taxicabs pursuant to authority granted by the Hot Springs City Council. In fact, the taxicabs operated by the appellants were acquired from the appellee. The appellants obtained their present license from the city of Hot Springs although they were granted the franchise by the airport commission. Both the Airport Limousine Service and the taxicabs obtain their license from the city of Hot Springs. The basic question presented to this court is whether the airport commission may grant authority, on a bid basis, to operate an airport limousine service for persons who are arriving and leaving from the Hot Springs Municipal Airport. There is no dispute but that the city issued the first franchise for an airport limousine service and continued to do so until they created the airport commission at which time they apparently attempted to give the commission the authority to award a franchise for the operation of the airport limousine service. We have set forth above the powers delegated to the airport commission. There is no specific authority to award a franchise to operate a limousine service. However, the commission sought bids and renewed the agreement for Airport Limousine Service which was in existence at the time of the creation of the commission. The franchisee is required to obtain a license from the city of Hot Springs. For a period of almost 30 years the Airport Limousine Service has operated from the Hot Springs airport and for about 18 years has rented a stand for the Airport Limousine Service across the street from the Oaklawn Race Track.

In the case of *Bridges* v. *Yellow Cab Co.*, 241 Ark. 204, 406 S.W.2d 879 (1966), the present appellee brought an appeal against the Yellow Cab Company in an argument over the operation of the same limousine service at the municipally owned airport. The question presented was not exactly the same but we did hold that Bridges had a right to operate. Airport Limousine Service has an exclusive franchise granted by the City of Hot Springs. Therefore, we have expressed by precedent that the city of Hot Springs has the power to authorize the right of Airport Limousine Service to operate. The question before us is whether the city of Hot Springs has, indeed, authorized the operation of Airport Limousine Service. The city of Hot Springs has been aware of this decision as it continued to issue the license for the service which we upheld in the foregoing opinion. We must determine whether the powers enumerated in setting up the airport commission included, at least by implication, the power to award a franchise for an airport limousine service. We do not think that the ordinance creating the airport commission granted the commission sole authority to grant such a franchise. However, since the commission is responsible to the city government and the city has continued to honor and approve the franchises granted by the commission by collecting a fee and licensing each vehicle, we think the city has ratified the actions of the commission.

Affirmed.

ADKISSON, C.J., HICKMAN and DUDLEY, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. In 1965 the City of Hot Springs enacted a comprehensive "vehicles for hire" regulatory ordinance, the cornerstone of which is that no vehicle for hire may be operated within the city without the issuance of a permit by the city council. Appellees' airport limousines are vehicles for hire which are operated within the city and appellees do not have the required permit.

Instead of having a permit issued by the city council, the appellees have a permit issued by the airport commission. The majority opinion quotes the 1968 airport commission ordinance and then states: "There is no specific authority to

award a franchise to operate a limousine service." That ordinance does nothing more than empower the commission to manage the "airport, its related properties and facilities."

The last sentence of the majority opinion declares the rationale that the permit from the city council has been obtained through the doctrine of ratification: "However, since the commission is responsible to the city government and the city has continued to honor and approve the franchises granted by the commission by collecting and licensing a fee on each vehicle, we think the city has ratified the actions of the commission." Yet, nothing in the record and nothing in the majority opinion indicates that since the enactment of the "vehicles for hire" ordinance in 1965 the city council has ever approved, or ratified, or even known about, the airport limousine franchise given by the airport commission. In addition, it is undisputed that the city clerk's issuance of licenses to appellees was unauthorized.

The city council has not issued a permit. The city council has not ratified a permit. Therefore, I respectfully dissent.

I am authorized to state that Chief Justice ADKISSON and Mr. Justice HICKMAN join in this opinion.