The Honorable Mike Bearden State Senator P.O. Box 686 Osceola, AR 72370
Dear Senator Bearden:
This is in response to your request for an opinion on the legality of Ordinance No. 1190 of the City of Blytheville, which concerns the operation of alarm systems. Specifically, you have attached a copy of the ordinance and pose the following questions:
 Does this ordinance violate Arkansas law? In particular, the statutes involving A.C.A. 17-33-106
and, possibly, A.C.A. 17-33-104. The ordinance provides that the city can charge an alarm company a fee and we need to know whether the city can charge a fee. If not, could this be classified as a service charge and not violate the statutes? Further, I need to know if the city can enter into an exclusive agreement pursuant to this ordinance.
It is my opinion that the ordinance in question is contrary to A.C.A. § 17-33-106 (Cum. Supp. 1991) in that it requires a permit and charges fees to entities and employees of entities licensed by the Arkansas Board of Private Investigators and Private Security Agencies, and is therefore invalid in this respect.[1] Additionally, the ordinance levies a fee on property owners and lessees of property having or installing alarm systems on their premises. This is contrary to A.C.A. §17-33-106(c). The "classification" of this fee as a "service charge" will not negate this invalidity. It is my opinion, finally, in response to your third question that the question of the validity of an exclusive agreement entered into by the City with an alarm system business will involve factual issues which are beyond the authority of this office to determine.
The ordinance in question (which was apparently passed in 1986) at Section IV (a) and (b) requires alarm system businesses and alarm system agents to obtain permits from the city and to pay a permit fee of fifty dollars and ten dollars, respectively, for the permit. This is contrary to A.C.A. § 17-33-106 (Cum. Supp. 1991), enacted in 1989, which provides that:
 (a) The regulation of investigation, security, and alarm system businesses shall be exclusive to the [Arkansas Board of Private Investigators and Private Security Agencies.]
 (b) Licenses [sic] and employees of licensees, under the provision of this chapter, shall not be required to obtain any authorization, permit, franchise, or license from, or pay another fee or franchise tax to, or post bond in, any city, county, or other political subdivision of this state to engage in the business or perform any service authorized under this chapter.
 (c) However, any city or county shall be permitted to require a business operating within its jurisdiction to register without fee and may adopt an ordinance to require users of alarm systems to obtain revocable permits without fee. [Emphasis added.]
The ordinance is thus contrary to the statute above because the ordinance requires permits of licensed alarm system businesses and agents and charges a permit fee. These businesses and agents would presumably be "licensees" and "employees of licensees" under the statute above. Similarly, the ordinance charges a fee on users of alarm systems contrary to the statute. It is my opinion, additionally, that merely "classifying" the fee as a "service charge" would not differentiate the fee sufficiently to withstand a legal challenge.
In response to your final question, it is my opinion that the question of the validity of the city granting an "exclusive license" to one alarm system business will involve factual issues beyond the purview of an Attorney General opinion. The ordinance provides at Section V for the granting of an "exclusive license" to install and maintain a fire alarm system within the fire department of the City and a burglar alarm system within the police department of the City. The licensee is to pay the city fees for initial installation and a monthly charge for each "position" monitored by the police department or fire department. It is my understanding that this exclusive license allows the alarm systems of the selected licensee to notify or signal the police or fire department directly without the signal having to be relayed by the private system operator, as is the case with other alarm system businesses in the City.
Although there are Arkansas cases which sanction the granting of exclusive contracts or licenses by municipalities where necessary in the exercise of the police power to provide for the public health, safety or welfare (see e.g. Everett v. City ofWynne, 292 Ark. 306, 730 S.W.2d 212 (1987); Smith v. City ofSpringdale, 291 Ark. 63, 722 S.W.2d 569 (1987); Warren-MerrittEnterprises, Inc., v. Bridges, 276 Ark. 572, 637 S.W.2d 601
(1982); Bridges v. Yellow Cab Co., 241 Ark. 204, 406 S.W.2d 879
(1966); Hood v. City of Pine Bluff, 238 Ark. 826, 385 S.W.2d 1
(1964) and Yellow Cab Co. of Texarkana v. Texarkana MunicipalAirport, 230 Ark. 401, 322 S.W.2d 688 (1959)), the question is often governed by the particular facts at hand. See, forexample, Upchurch v. Adelsberger, 231 Ark. 682,332 S.W.2d 242 (1960) and North Little Rock Transp. Co. v. City of NorthLittle Rock, 207 Ark. 976, 184 S.W.2d 52 (1944).
A similar issue was involved in In the Matter of AFA ProtectiveSystems, Inc. v. Crouchley, 313 N.Y.S.2d 504, 63 Misc.2d 695
(1970). In Crouchley, a private fire alarm system company brought suit to compel a fire protection district to allow the company to connect into the fire alarm system, where two other private companies had been allowed to connect. The court refused to grant summary judgment, holding that factual questions surrounded the reasonableness of the district's decision. It is my opinion, similarly, that the validity of the exclusive license authorized by the ordinance will involve the resolution of factual issues which this office is neither empowered nor equipped to determine. This office has not been provided with any contract with a particular licensee in this regard, nor any facts surrounding its terms or execution. Even if the contract had been made available, it is not generally within the authority of this office to construe terms of a particular contract in an official opinion. This question thus must be resolved by a trier of fact.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Although there may be other aspects of the ordinance which are contrary to law, your question appears to focus on the charging of fees, and this opinion is therefore limited to that issue with regard to your first question.